THE STATE v. LEEDY, *Appellant.*

Larceny : DWELLING-HOUSE : STATUTE.  On a trial for larceny, the
    evidence showed that the defendant stole the property from a hotel
    kept by one O. ; that the hotel was owned by, and the license to
    keep the same was issued to, one D. ; that the room from which
    the property was taken was the office of the hotel in which O.
    kept cigars, oranges, etc., for sale under a merchant's license ;
    *held,* that the larceny was committed in a dwelling-house within
    the meaning of Revised Statutes, section 1309.

*Appeal from Jasper Circuit Court.*—HON.  M.  G.
                    McGREGOR, Judge.

AFFIRMED.

T. B. *Haughawout* for appellant.

B. G. *Boone,* Attorney General, for the state.

BRACE, J.—The defendant was indicted and con-
victed in the circuit court of Jasper county of larceny in
a dwelling-house and sentenced to the penitentiary for
two years.

The indictment charged the defendant with felo-
niously stealing a pair of shoes at the county aforesaid,
the property of one Robert Owens, in the dwelling-house
of the said Robert Owens, then and there being.  The
testimony tended to prove that the defendant stole the
shoes ; that they were of the value of eight dollars ; that
they were the property of Robert Owens ; that they
were taken from a room in a house in which the said
Owens resided with his mother and sister; that the
property was owned by one Divers, step-father of the
said Owens, who bought it for the said Owens and
placed him in charge of it; that said Owens was in
charge of said house, and carrying on a hotel business

therein under a city license issued to said Divers; that the room from which the shoes were taken was used as the office of the hotel, in which Owens kept cigars, oranges, peanuts, etc., for sale, for which he had a merchant's license. On the trial, exceptions were taken to instructions given and to the refusal of the court to give instructions asked by the defendant containing propositions of law the converse of those given. The questions raised by the exceptions are embraced in the following two instructions refused by the court:

"1. If the jury believe from the evidence that the room from which the shoes were taken was used as a store where cigars, oranges, and peanuts, and other merchandise were kept for sale, the said room was not a dwelling-house, and the jury cannot convict the defendant of grand larceny."

"2. If the jury believe from the evidence that John Divers, the step-father of the witness, Robert Owens, was the owner of the hotel known as the 'English Kitchen,' and that the same was a hotel, and that the said Divers had the license to run said hotel, and the wife of said Divers was residing in said hotel at the time, then the variance as to the ownership of said house is fatal, and the jury cannot convict the defendant of grand larceny."

We find no error in the refusal of the court to give these instructions. The house in which the shoes were stolen was the house in which Robert Owens dwelt with his mother and sister. He was the ostensible head of the family and in possession of the house as charged in the indictment. It was entirely immaterial to the defence who was the owner of the house, whether it was run as a hotel, or to whom the license was issued for that purpose. The defendant was fully informed of the offence with which he was charged by the averment in the indictment, that the shoes were stolen in "the dwelling-house of Robert Owens, then and there being,

in his possession," and the proof sustained this aver-ment. Whether he dwelt there as owner, lessee, or by sufferance, it was to all intents and purposes his dwell-ing-house at the time his shoes were stolen.

The averment was sufficient and there was no variance between the averment and the proof. A man's dwelling-house is that in which he (and his family, if he have any) eat, sleep, and make their home, and it is none the less his dwelling-house, because he may not be the owner of it ; that in it he keeps rooms for lodgers and furnishes meals to others, and that the license for so doing is in the name of another, and in this case, although the room in Owens' dwelling-house, in which the shoes were stolen, was used by him as an office in connection with the other uses of the house, and in it he kept for sale the articles mentioned in the instruction. It did not, by reason of these uses, cease to be a room in his dwelling-house, and a larceny committed in that room was a larceny committed in his dwelling within the meaning of the statute, just the same as if it had been committed in the dining-room, kitchen, or any other room in the house. R. S., 1879, sec. 1309 ; Bishop on Stat. Crimes, secs. 242, 278, 280.

The judgment is affirmed. All concur