# THE STATE v. HAVERN THOMAS, Appellant.

### Division Two, December 22, 1922.

1. **TRIAL: Remarks of Court: That Defendant Offered No Evidence.** At-the close of the State's case, the court asked counsel for defendant if he desired to make a statement. Counsel made no response, but handed to the court a demurrer to the evidence, which was overruled. Thereupon the court announced that the defendant offered no evidence and the case was closed, and stated this remark was made in order that the court reporter might properly make up his record, and for no other purpose. *Held*, that the remarks could not be construed as a comment on the defendant's failure to testify, and furnish no legal basis for a reversal of the judgment of conviction.

2. **LARCENY: Wearing Apparel: Kept in Dwelling House: Presumption.** In the absence of evidence to the contrary it will generally be presumed that a man's surplus shoes and coat are kept in his dwelling house; but in this case it is not necessary to resort to presumptions, because there was not only direct evidence that the stolen shoes and coat were kept in the owner's dwelling house, but defendant specifically admitted to the owner and sheriff that he took them from said house.

3. **————: From Dwelling House: By Roomer: Custody of Key: Reduction to Petit Larceny.** Defendant is charged with stealing two pairs of shoes and a coat belonging to the owner of a dwelling house in which they were kept and where he roomed and lived with the owner and his wife, all of the value of $28.50. He came from his work at the noon hour, claimed to be unwell, went to his room and remained there, and later in the day the owner's wife, having decided to go to a picture show, told him that if he went out to lock up the house and place the key under a rug on the front porch, and when she went away he remained the only occupant of the house. *Held*, that even if it be conceded that she delegated to him the control of the house and its contents during her absence, that gave him no right to appropriate the owner's shoes and coat, and placed him in no more exculpating position than he would have been had he stolen them while she was in charge of the house, and the usual instruction on the subject of grand larceny from a dwelling house, based on the statute (Secs. 3315, 3316, R. S. 1919), was proper.

4. **INSTRUCTION: Felonious Intent.** An instruction in a felony case is not erroneous merely because it does not require the jury to find that the offense was committed with a felonious intent.

5. ———: **Presumption of Innocence: In Law: Reasonable Doubt.** An instruction telling the jury that "the defendant, in law, is presumed to be innocent, and that it devolves upon the State to prove, by evidence, to the satisfaction of the jury, beyond a reasonable doubt, that the defendant committed the crime charged in the information and explained in these instructions, and if, upon a view of the whole case, you have a reasonable doubt of the defendant's guilt, you will give him the benefit thereof and acquit him. But a reasonable doubt, to authorize an acquittal on that ground, must be a substantial doubt of defendant's guilt, formed upon a careful consideration of all the facts and circumstances proven in the case, and not a mere possibility of defendant's innocence," is correct.

Appeal from Audrain Circuit Court.—*Hon. Ernest S. Gantt*, Judge.

AFFIRMED.

*Clarence A. Barnes* for appellant.

(1)    When the court announced at the close of plaintiff's case that "defendant offers no evidence" he thereby greatly prejudiced the defendant's case before the jury.   In effect he told the jury that the opinion of the court was that defendant was guilty of a felony, for such was the charge against him.   It further violated the spirit and letter of the statute prohibiting comment on, and consideration of, a defendant's failure to testify. Sec. 4037, R. S. 1919; State v. Sharp, 233 Mo. 269, 294. (2)    The court erred in not sustaining the defendant's demurrer offered at the close of the evidence on behalf of the State, which was all the evidence in the case.   There is no substantial testimony that the shoes or coat were ever in the defendant's lodging house.   If in the house it is as probable they were in the room occupied by defendant as elsewhere.   Furthermore the property was not within the protection of the dwelling house, but was

left in charge of the defendant and does not appear to have been taken in violation of the law commonly known as larceny from a dwelling house. The value of the property was below $30. It follows that the demurrer should have been sustained unless it can be said that on demurrer he might have been convicted of the lesser offense of petit larceny. (3) The court erred in giving plaintiff's instruction numbered 1. (a) It is based entirely on the theory of larceny from a dwelling house without regard to the value of the property involved. When Josephine Rodgers left the house she gave over to the defendant the care and custody of the house and its contents, and so testified point blank on cross examination, and practically to the same effect on direct examination. Under such circumstances, where the value of the property is under $30, as in this instance, the elements of grand larceny are lacking. The property if taken by the defendant was not under the protection of the dwelling house, but was under the defendant's protection, and the jury should have been instructed upon the offense of petit larceny. State v. Patterson, 98 Mo. 283; State v. Thompson, 139 Mo. 620; State v. Clark, 89 Mo. 423; Commonwealth v. Lester, 129 Mass. 101. (b) Said instruction submits the charge of larceny from the person of Will Rodgers. (c) The record doesn't anywhere disclose that the articles alleged to have been stolen were kept in the dwelling house. (d) It omits the element of felonious intent. State v. Rader, 262 Mo. 117; State v. Jennings, 213 S. W. 796; State v. Gochenour, 225 S. W. 690. (4) The court erred in giving plaintiff's instruction numbered 2. It does not correctly define reasonable doubt, deprives the defendant of the benefit of any reasonable doubt as to guilt that might arise from the insufficiency of the evidence, and nullifies the presumption of defendant's innocence, is misleading, and transfers the burden to the defendant to prove his innocence. State v. Blue, 136 Mo. 41. (5) The court erred in not giving defendant's refused

instruction numbered 6 reading: "The court instructs the jury that you cannot find the defendant guilty of any offense of a higher grade than petit larceny." The value of the property involved was less than thirty dollars. The indictment did not charge the value to be so much as thirty dollars. Under the evidence in this case, the court should have instructed the jury that as a matter of law, the defendant could not be convicted of an offense of a higher grade than petit larceny. The lodging-house keeper testified that she left the house and its contents in charge of defendant. State v. Patterson, 98 Mo. 283; State v. Thompson, 137 Mo. 620; R. S. 1919, sec. 3325; State v. Clark, 89 Mo. 423; Com. v. Lester, 129 Mass. 101.

*Jesse W. Barrett,* Attorney-General, and *R. W. Otto,* Assistant Attorney-General, for respondent; *E. A. Poulton,* of counsel.

(1) The remark of the trial judge that "defendant offers no evidence" will not be deemed prejudicial error. A judgment will not be reversed because of remarks made by the trial judge unless it appears that the remarks were prejudicial. State v. Young, 105 Mo. 634, 641; State v. Harvey, 214 Mo. 403, 411. (a) The court did not err in overruling the defendant's demurrer offered at the close of the evidence. There was substantial evidence tending to connect appellant with the crime charged. The weight of the evidence is to the effect that appellant was not left in charge and control of the dwelling house and its contents. (b) The court did not err in giving State's instruction numbered 1. The property was under the protection of a dwelling house, and was a felony irrespective of the value. Sec. 3315, R. S. 1919; Sec. 3316, R. S. 1919; State v. Castor, 93 Mo. 242; State v. Patterson, 98 Mo. 283; State v. Weber, 156 Mo. 257, 259; State v. Riley, 100 Mo. 493, 498; State v. Patterson, 98 Mo. 283, 288. (c) The court did not err in giving State's instructions numbered

2. It properly declares the law.  State v. Duncan, 142 Mo. 456; State v. Garrison, 147 Mo. 548, 554.

RAILEY, C.—An information was filed in the Circuit Court of Audrain County, Missouri, on June 22, 1921, charging defendant with the crime of larceny from a dwelling house on March 21, 1921, in said county.  He was charged with stealing from the residence of Will Rodgers personal property of the value of $28.50.  He was found guilty by a jury, as charged in the information, his punishment fixed at imprisonment in the penitentiary for a term of three years, and judgment and sentence rendered accordingly.

The State's evidence tends to show the following facts:  On March 21, 1921, one Will Rodgers lived, with his wife, Josephine Rodgers, in a seven-room frame house, at 604 West Jackson Street, in the city of Mexico, Missouri; that defendant and two other roomers lived with Rodgers and wife; that on said March 21, 1921, about noon, while said Rodgers and wife were at lunch, defendant came in, and announced that he was ill.  He was invited to dine with them by Josephine, and partook of a light lunch.  He said the truck he was driving had broken down, that he was not well, and would go up to his room and lie down, which he did.  He and Josephine were the only occupants of the house that afternoon, as far as the record discloses.  She decided to go to the picture show, and told defendant to lock up the house and put the key under the rug on the front porch, in the event he went out.  Josephine, among other things, testified as follows: "Q. So when you left you told him [defendant] where the key was and you yourself left Thomas in charge of the house and everything that was in the house and told him to lock up before you got back?  A. Yes, sir.".  Defendant had been rooming there nearly three weeks.  Josephine returned home about five o'clock that afternoon, found the back door of her home open and defendant gone.

On the following day, Will Rogers found that a pair of his tan shoes, a pair of black shoes and his coat had been taken, all of the value of $28.50. .

Defendant did not return, and was afterwards apprehended at Springfield, Missouri, and brought back to Mexico. He stated in the presence of the prosecuting-attorney, and other officials, that he had been taking dope, and when he awoke took those things. He got off of a Chicago & Alton train and left the same at Slater, realized what he had done, and started back to Mexico, when he saw a man in the railroad yards at Slater, who he thought was a detective, and ran. While running, he lost some of the articles from the grip, went from there to Kansas City and on to Springfield. He sent for Will Rodgers, and told him he wanted to pay the value of said goods. Defendant was then in the calaboose. The value of the goods taken was less than $30, and the court so instructed the jury.

At the close of the State's case, the court asked defendant's counsel if he desired to make a statement. No response was made to said inquiry, but said counsel stepped up to the bench, and handed the court a demurrer to the evidence, which was overruled. The court thereupon announced that defendant offered no evidence, and the cause was closed. The trial court stated that the above remarks were made in order that the court reporter could make a record of the case, and for no other purpose.

After appellant's motions for new trial and in arrest of judgment were overruled, the cause was duly appealed to this court.

I. It is contended by appellant that the trial court committed reversible error in making certain remarks in the presence of the jury, to the prejudice of defendant. It appears from the record that, at the close of

Comment on
Defendant's
Failure to Testify.
the State's evidence, counsel for appellant interposed a demurrer thereto, which was overruled by the court. The defendant elected to, and did, stand upon said demurrer. Thereupon the judge announced, for the benefit of the court stenographer in making up his record, that defendant offered no evidence and the case was closed. The trial judge disclaimed any intention of commenting on the evidence, or prejudicing the jury against appellant. On the contrary, he announced from the bench that the above remarks were made in perfecting his record.

We are cited in appellant's brief to State v. Sharp, 233 Mo. 294-5, as authority in support of the above contention. KENNISH, J., in disposing of the case, said: "It is earnestly insisted by appellant that during the course of the trial remarks were made by the court which were so highly prejudicial to the defendant as to constitute reversible error and entitle him to a new trial. A number of these remarks of which complaint is made are set out in appellant's brief, and while we do not consider them of such serious import as to amount to reversible error, some of them are subject to criticism. What the court said in the hearing of the jury complimentary of the prosecuting attorney, and at another time in criticism of the attorney for the defendant, may or may not have been deserved, but as it cannot be said that a manifestation by the court of its good opinion of the attorney and of hostility to another is without influence on the minds of the jury, and as the defendant was on trial for his life, the remarks should have been avoided."

No such remarks were made in the case at bar, as are quoted above. And notwithstanding Judge KENNISH's criticism, the case was affirmed.

In State v. Lee, 225 S. W. l. c. 929-30, counsel for respondent in his opening statement to the jury, at the conclusion of same, said: "This is what the State will

prove, and then it devolves upon the defendant to make any explanation which she sees fit.''

Counsel for the State immediately withdrew the above remarks. The court was thereupon requested by counsel for defendant to admonish counsel for the State, and refused to do so. Defendant demurred to the State's evidence, and offered no testimony in the above case. Complaint was made in this court, as to the above re-marks of counsel for the State, and on page 930 we said:

''It is insisted that the above statements were made in violation of Section 5243, Revised Statutes 1909, which prohibits the State from commenting on the defendant's failure to testify in the case. Counsel for the State with-drew the language complained of before the court ruled thereon, and it does not appear that any other similar statement was made during the progress of the case. But, even if the statement aforesaid had not been with-drawn, and defendant's objection thereto had been over-ruled, it would not have constituted reversible error in this case. The evidence heretofore set out is clear and convincing as to defendant's guilt. Respondent's coun-sel made good his statement as to the proof of defend-ant's guilt which the State would furnish during the progress of the trial. He correctly stated the law to the effect that a conviction should follow under such circumstances if no evidence was introduced in behalf of defendant.''

Without pursuing this inquiry further, we are of the opinion that the above remarks of the trial court furnish no legal grounds for the reversal of this case. They could not be construed as a comment on defendant's fail-ure to testify in the case.

II. Appellant contends that his demurrer should have been sustained, on the theory that there was no substantial evidence showing the shoes or coat in con-troversy were ever in the Rodgers's dwelling house. In

Demurrer to
Evidence.
the absence of evidence on the subject, it would generally be presumed that a man's wearing apparel, such as shoes and coat, were kept in his dwelling house, but in this case it is not necessary to resort to presumptions, as there is direct evidence on the subject. It is undisputed that defendant was in the Rodgers's dwelling house when Josephine left for the picture show. He was gone when she returned, and the back door of said house was open. The defendant indulged in flight. Was apprehended as a fugitive from justice, returned to Mexico and, while in the calaboose, admitted, in the presence of Will Rodgers, that he had taken said shoes and coat from the dwelling house of the latter. Will Rodgers testified on this subject as follows: "Q. Where did he say these clothes were when he took them? . . . A. In my house." He further testified that they were taken from his house in the city of Mexico, County of Audrain and State of Missouri. Defendant told Sheriff Blum that he got two pairs of shoes and a coat out of Will Rodger's room at Mexico, Audrain County, Missouri.

The value of the goods stolen was placed at $28.50. There was substantial evidence offered by the State as to defendant's guilt and, hence, appellant's demurrer thereto was properly overruled. [State v. English, 228 S. W. (Mo.) 746.]

III. The trial court is charged with error in giving instruction numbered one which reads as follows:

"The court instructs the jury that if they find and believe from the evidence beyond a reasonable doubt that the defendant, at the County of Audrain, and State of Missouri, on or about the 21st day of March, 1921,
Custody of
House.
and within three years prior to the filing of the information in this case, did unlawfully and feloniously steal, take and carry away from the dwelling house of Will Rodgers the articles described in the information, or any of them, and that said

articles were the property of said Will Rodgers and in his possession in said dwelling house, and that defendant took said articles with the intent to permanently deprive the said owner of his said property and to convert the same to his own use, then they will find the defendant guilty and assess his punishment at imprisonment in the State Penitentiary not exceeding a term of seven years, or by imprisonment in the county jail not exceeding a term of one year.''

The above instruction is based on Sections 3315 and 3316, Revised Statutes 1919, and was approved as to both form and substance in the recent case of State v. English, 228 S. W. (Mo.) l. c. 749-50.

Counsel for appellant insists that when Josephine left the house, she turned over to defendant the care and custody of same, and its contents. The evidence does not sustain this contention. She testified as follows: ''I told him [defendant] I was going to meeting that afternoon, just to lock up when he got ready to leave.'' She further testified that when leaving for the picture show, she told defendant to leave the key under the rug on the porch, if he went out. Thereupon the following question was propounded to Josephine by counsel for defendant: ''Q. So when you left you told him where the key was and you yourself left Thomas in charge of the house and everything that was in the house and told him to lock up before you got back? A. Yes, sir.''

It is manifest from all the evidence in the case, that Josephine simply left defendant in his room, and directed him to leave the key under the rug on the porch if he left the house before her return. The above question propounded to Mrs. Rodgers is both confusing and misleading. She was simply telling defendant where to put the key in case he left the house before her return. It is not claimed that she pointed out to defendant the shoes and coat stolen by him. All of the property in that house, outside of defendant's room, was under the

custody of the Rodgers dwelling house. Even if it be conceded that Josephine delegated to defendant the control of the house and its contents while she was gone, it left him in no better position than he would have occupied had he stolen the same goods while Josephine was in charge of the house. If defendant stole the property in controversy from the dwelling house of Will Rodgers, as charged in the information, he was guilty of grand larceny, regardless of what Josephine Rodgers said to him about taking charge of said dwelling and its contents. [Secs. 3315 and 3316, R. S. 1919.]

We think the authorities cited by counsel for appellant in support of his contention supra, have no application to the facts of this case, but if either of the authorities cited is in conflict with the conclusion heretofore announced it should not be followed.

IV. It is insisted by defendant that instruction numbered one is erroneous because it omitted the element of felonious intent. The case of State v. Gochenour, 225 S. W. l. c. 691, relied on in support of said contention, was reversed and remanded on the

*Felonious Intent.* sole ground that the *information* was defective in above particular. The conclusion reached as to the invalidity of the *information* in the Gochenour Case was subsequently overruled. [State v. Akers, 242 S. W. (Mo.) 660-1; State v. Huffman, 238 S. W. (Mo ) l. c. 435; State v. Hodges, 234 S. W. (Mo.) l. c. 790; State v. Jones, 225 S. W. (Mo.) l. c. 899.]

V. Appellant challenges the correctness of instruction numbered two, which reads as follows:

"The court instructs the jury that the defendant, in law, is presumed to be innocent, and that it devolves upon the State to prove, by evidence, to the satisfaction of the jury, beyond a reasonable doubt, that the de-

Reasonable
Doubt, Etc. fendant committed the crime as charged in the information and explained in these instructions, and if, upon a view of the whole case, you have a reasonable doubt of the defendant's guilt, you will give him the benefit thereof and acquit him. But a reasonable doubt to authorize an acquittal on that ground, must be a substantial doubt of defendant's guilt, formed upon a careful consideration of all the facts and circumstances proven in the case, and not a mere possibility of defendant's innocence.''

The instruction criticised in State v. Blue, 136 Mo. 41, 44, is entirely different from the one given in this case, as indicated in State v. Duncan, 142 Mo. l. c. 460-1, where the instruction in the case before us was sustained. The instruction, as given, is clearly correct, and is sustained in State v. Temple, 194 Mo. l. c. 249, and cases there cited. The above contention is without merit and overruled.

VI. Other questions are discussed in appellant's brief, but after reading the record carefully the second time we have reached the conclusion that they are de-
Conclusion. void of merit. We are of the opinion that the information herein is good; that the instructions given were correct; that no error was committed in refusing the additional instructions asked by appellant; that defendant received a fair and impartial trial before the jury and was properly convicted.

The judgment below is accordingly affirmed. *White* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.