# THE STATE v. LEE FLOWERS and RAYMOND JONES, Appellants.

### Division Two, December 22, 1925.

1. **APPEAL: Plea in Abatement: No Record.** An assignment that the trial court erred in overruling appellants' plea in abatement cannot be considered on appeal if the record proper fails to show that any such plea was filed. That testimony was offered to sustain the plea, and that the bill of exceptions so shows, will not supply the absence of a record entry showing its filing.

2. **LARCENY: Corpus Delicti: Confession: Corroboration.** In a prosecution for larceny, proof of the *corpus delicti* independent of a confession is not required, but facts corresponding with the confession and tending to prove it are to be considered in connection with the confession in determining whether the *corpus delicti* has been sufficiently established; and recent possession, sale to a pawnshop and redemption of the stolen goods by the defendants are corroborating circumstances, and prevent a holding that the proof of the *corpus delicti* rests solely upon their uncorroborated confession that they stole the goods.

3. ————: **Dwelling House: Belonging to Another: Definition.** Goods stolen from a dwelling house, although they belong to another and not to the owner of the house, is larceny from a dwelling house. In whatever place the goods may be located at the time they are stolen, if such place may be properly designated as a dwelling house, the theft under the statute is larceny from a dwelling house. The rule announced in State v. Patterson, 98 Mo. 283, that "although property be stolen from a dwelling house, yet if, when stolen, it was under the care and protection of the person from whom stolen, and not properly under the protection of the dwelling house, it does not constitute larceny from a dwelling house," is inaccurate and misleading, because it leaves undetermined what constitutes the "care and protection" of the owner and of the dwelling house, and is therefore disapproved. And the ruling in that case that the theft by defendant of money from his roommate in a hotel, which did not belong to either of them, was not larceny from a dwelling house, was error.

4. ————: **Ownership of Goods: Proof: Confession.** In a charge of larceny, an allegation of the ownership of the property stolen is necessary, in order that it may be shown that such ownership

State v. Flowers and Jones.

was in another than the thief, but the exact title of the property is of no concern to the defendant in making his defense, and proof thereof need not be of the cogent character essential to sustain a conviction. The allegation, therefore, was established by the admission of the defendants to the officer at the time they were arrested that the goods belonged to another.

5. ———: **From Dwelling House: Care and Protection: Instruction.** It is not necessary for the information of the jury that the instruction require them to find that the goods stolen, at the time stolen, were under the care and protection of a dwelling house; it is only necessary for them to find that they were stolen from a dwelling house.

6. **INSTRUCTIONS: Abandonment: Waiver.** Where only one of several instructions given for the State is stressed in appellant's brief, error assigned to the giving of the others may be considered waived.

7. **ARGUMENT TO JURY: Harmless Unnecessary Remarks.** Objections to remarks of the prosecuting attorney in his argument to the jury, even though they were unnecessary and subject to criticism from the standpoint of propriety, are not entitled to consideration on appeal, unless it clearly appears that the remarks were prejudicial.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 1266, p. 638, n. 70; Section 1514, p. 736, n. 49; 17 C. J., Section 3335, p. 71, n. 44 New; Section 3459, p. 168, n. 87; Section 3559, p. 212, n. 18; Section 3638, p. 297, n. 20. Larceny, 36 C. J., Section 67, p. 755, n. 19; Section 77, p. 757, n. 82 New; Section 79, p. 757, n. 84; Section 242, p. 804, n. 83; Section 310, p. 829, n. 39 New; Section 319, p. 832, n. 98, 99; Section 354, p. 846, n. 56; Section 404, p. 860, n. 23, 24; Section 483, p. 899, n. 34; p. 905, n. 40 New; Section 494, p. 910, n. 18, New; Section 555, p. 934, n. 9.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*McKay & Peal* for appellants.

(1)   The court erred in overruling appellants' plea in bar or abatement. R. S. 1919, sec. 3848; State v. McKee, 212 Mo. 138; Ex parte Buckley, 215 Mo. 93.   (2) The *corpus delicti* cannot be proven by the uncorroborated confession or admission of the defendants. Johnson v. State, 86 Ga. 90; May v. People, 91 Ill. 343; Wil-

lard v. State, 27 Tex. App. 386; 25 Cyc. 120 b. While the *corpus delicti* may be proven by circumstantial evidence, there is a total failure of proof of the *corpus delicti* in this case. State v. Skibiski, 245 Mo. 450; State v. Vinton, 220 Mo. 90. The gravamen of the offense charged is not the felonious taking of the property, but is the felonious taking of the same from a dwelling house. Evidence that the stolen property was claimed and surrendered does not suffice to prove either the facts of the theft or the ownership represented, even though supplemented by proof that the accused had avoided arrest. Jorasco v. State, 8 Tex. App. 540. (3) Although property be stolen from a dwelling house, yet if, when stolen, it was under the care and protection of the person from whom it was stolen, and not properly under the protection of the dwelling house, it does not constitute larceny from a dwelling house under the statute. State v. Patterson, 98 Mo. 283. (4) Ownership must be proved by sufficient evidence or the conviction cannot be supported. Where the only evidence of ownership should have been excluded as hearsay, a conviction cannot be supported. Hawkins v. State, 95 Ga. 458. (5) Instruction 1 given on behalf of the State is erroneous in that it fails to define a dwelling house, and what constitutes a larceny therefrom. Under this instruction the jury might have found every fact set out therein, and still found the defendant not guilty, for the reason the jury were not required to find that the suit of clothes was at the time of the taking of same under the protection of the dwelling house, and if it was not then defendants were not guilty of the charge contained in the information. State v. Patterson, 98 Mo. 283. (6) The court erred in failing to rebuke the prosecuting attorney for improperly referring to the failure of defendants to testify. R. S. 1919, sec. 4037; State v. Martin, 75 Mo. 547; State v. Drunnins, 204 S. W. 271.

*Robert W. Otto*, Attorney-General, for respondent; *Claud E. Curtis* of counsel.

(1)   No error was committed by the court in over-ruling defendants' motion to quash.   An information may be amended.   The record shows there was consent by court for prosecuting attorney to amend the information.   R. S. 1919, sec. 3762.   (2)   The court properly overruled the defendants' demurrer.   There was suffi-cient evidence to establish the *corpus delicti*.   The *corpus delicti* does not have to be proved independently of any confession of the defendant, where there are corroborat-ing facts to those in defendant's confession.   His con-fession and the other evidence may be used jointly to prove the *corpus delicti*.   State v. Knowles, 185 Mo. 141; State v. Skibiski, 245 Mo. 459; State v. Wooley, 215 Mo. 620; State v. Robinson, 263 Mo. 325.   (3)   Proof of own-ership was sufficiently made.   Ownership does not have to be established by the owner, but may be shown by other parties.   State v. Lackey, 230 Mo. 707; State v. Smith, 252 S. W. 665; State v. West, 246 S. W. 542.   The lack of proof of ownership is not grounds for reversal unless it is prejudicial.   It is the special province of the trial court to pass upon this subject and if defendant de-sires to object he ought to preserve his objection as to variance in his motion for new trial.   State v. Burk, 234 Mo. 574; State v. Luna, 257 S. W. 161.

WALKER, P. J.—Appellants were charged by in-formation in the Circuit Court of Pemiscot County, with larceny from a dwelling.   Upon a joint trial to a jury they were found guilty and each of their pun-ishments assessed at two years' imprisonment in the penitentiary.   From these judgments they appeal.

In March, 1923, appellants went to a pawnshop in Caruthersville, conducted by one Friedman, and sold a suit of clothes to a clerk named Frank Pride.   Later they returned to the pawnshop in the custody of an officer and redeemed or purchased the suit of clothes, and it was taken away by the officer and delivered to the owner, J. J. Malone.   The appellant Flowers told the officer that the suit belonged to Malone and that

they had stolen it from Smith Langston's house and sold it to Friedman's clerk at the pawnshop. A part of the language used by the appellant Flowers, in the presence of Jones, in admitting their guilt to the officer, was as follows: "We got the suit of clothes and carried them down there and I sold them." The appellants did not testify, and there was no testimony offered in their behalf.

I. The contention is made that the court erred in overruling appellants' plea in bar or abatement. There is no entry in the record proper of the filing of such a plea or of a motion to quash the information, and the bill of exceptions contains no pleading of this character.

Plea in Abatement. That testimony was offered to sustain such a pleading does not supply the necessity of the court's entry of its filing, and not having been preserved in the bill of exceptions its subject-matter cannot be determined. If, as indicated in the testimony, the purport of this plea or motion was to the effect that the amended information, upon which the case was tried, was invalid in that leave of court for its filing had not been obtained as required by Section 3853, Revised Statutes 1919, this objection is dissipated by the testimony of the clerk of the circuit court, who, upon being further examined as to the record entries in the case, said: "After a more thorough examination I have found the following order of the court: 'The prosecuting attorney is given leave to file an amended information in this case, and the cause is continued to the November term.' " The leave required by the statute having been obtained, the contention, from any coign of vantage, is without merit and is overruled.

II. The gravamen of the offense charged is larcency and an averment of the ownership of the property stolen constituted a part of such charge, while the proof of the place of its commission fixed the grade

Corpus
Delicti.
of the crime irrespective of the value of the goods stolen. The information charging, as it does, a statutory offence, as shown by the foregoing, contains all of the essentials required by the statutes (Secs. 3312, 3315 and 3316, R. S. 1919).

It is contended that the proof of the *corpus delicti* was based upon the uncorroborated confession of the appellant and his co-indictee and was consequently insufficient to sustain a conviction. This contention does not correctly state the facts. In addition to the confession of the theft by the appellants, their possession of the suit soon thereafter and its sale by them to the keeper of the pawnshop was shown. Further than this, when arrested and charged with the crime they went, evidently at their own instance, accompanied by an officer, redeemed the suit, and it was delivered to the owner. The larceny, as well as the place of its commission, having been admitted and the ownership of the property being undisputed, proof of the other relevant facts and circumstances fully corroborated the admission of guilt, and renders of no avail the objection to the failure of proof to establish the *corpus delicti*. While it is held in some jurisdictions (25 Cyc. p. 120 b, note 82) that the *corpus delicti* in larceny cannot be proved by the uncorroborated confession of the accused, that rule has never met with approval here. The rule in this State uniformly adhered to is that proof of the *corpus delicti* independent of a confession is not required. In State v. Skibiski, 245 Mo. l. c. 463, in a well-considered opinion by J. T. Blair, J., citing many cases, it is held that if there is evidence of corroborating circumstances which tend to prove the *corpus delicti* which correspond with circumstances related in the confession, both the circumstances and the confession may be considered in determining whether the *corpus delicti* has been sufficiently proved. A further interesting discussion of this question may be found in State v. Vinton, 220 Mo. l. c. 100, in which, after stating the circumstances to establish the guilt of the accused,

which were not nearly as convincing as those at bar, it is held that the proof of the *corpus delicti* may be established by purely circumstantial evidence. The appellants' contention, therefore, considered from every point of view permitted by the rules of construction, is without merit.

III. It is also contended that: "Although property be stolen from a dwelling house, yet if, when stolen, it was under the care and protection of the person from **Dwelling** whom it was stolen, and not properly under the **House.** protection of the dwelling house, it does not constitute larceny from a dwelling house under the statute." In support of this contention appellants cite State v. Patterson, 98 Mo. 283. The language employed in that case is unfortunate in announcing a general rule and leaving the question as to what constitutes the "care and protection" of the owner or that of the dwelling house undetermined, and hence a subject of controversy. This ruling under a like state of facts has never been referred to, much less followed in any subsequent case. It loses sight of the fact that while personal property may not at all times be in the physical possession of the owner it is, unless in the possession or under the control of another with the owner's consent, at all times under the latter's care and protection within the meaning of the law. In whatever place, therefore, it may be located at the time it is stolen, if such place can properly be designated a dwelling house, the offense of a larceny therein is committed, as defined in the statutes under which the information was drawn. Not content with the ruling referred to in the Patterson case, as disclosed by the statement of the facts in the opinion, we have examined the bill of exceptions in that case. It discloses that the defendant and one Shanklin, the owner of the money stolen, lived or were lodging at a hotel in Sedalia and roomed together, sleeping in the same bed. Shanklin and the defendant spent a portion of the night preceding the theft in drinking. Shanklin

had, when they started out, about forty dollars and paid for all of the drinks, the defendant having no money. When they returned to their room Shanklin had about thirty-five dollars remaining, which consisted of a twenty- and a ten-dollar gold piece and some four or five dollars in silver which he says he felt in his pocket just before retiring. When he awoke in the morning the defendant was up and dressed. Upon arising Shanklin examined his trousers and missing his money exclaimed; "I'm robbed." While dressing he saw, in the indistinct light of the early morning, what he thought was a silver dollar lying on the floor and said: "They didn't get it all though; here's a dollar." As he picked it up the defendant said: "Is it a dollar? Let me see it." Shanklin handed it to him and he hurriedly left the room, saying, "I will go down and get a drink with it." He went down to a saloon a short distance from the hotel and laying a twenty-dollar gold piece on the bar called for a drink of whiskey, drank it and was given nineteen dollars and eighty-five cents in change. Shanklin dressed and finding that he had the remainder of his money, about fifteen dollars, and that the coin he handed to the defendant was his twenty-dollar gold piece and not a silver dollar, went to the police station to have the defendant arrested. While he was gone the latter came into the bar of the hotel where they roomed and throwing a silver dollar down on the counter said to the hotel keeper: "Give this to Shanklin; I don't want his money, and I'll break his d—d head if he says I stole it." When arrested the defendant had about eighteen or nineteen dollars on his person, shown to have been identical with the change given to him when he bought the first drink with the twenty-dollar gold piece. There was no dearth of proof to establish the larceny, in that the defendant fraudulently took and carried away Shanklin's money without any claim of right, and with the intention to convert and that he did convert it to his own use. The larceny established, the ownership undisputed and the place of the commission of the crime located as being

within the purview of the statute, the ruling therein that the crime did not constitute a larceny from a dwelling was error and the rule it announced should be disapproved. The fact that it was in a hotel where the crime was committed, instead of a private dwelling, does not militate against the correctness of this conclusion. [State v. Leedy, 95 Mo. 76.] It is possible, although conjecture should not be resorted to in determining the meaning of a court's ruling, that the learned judge who wrote the opinion in the Patterson case construed the facts as showing a larceny from the person instead of one in a dwelling, but even under this construction the rule as there announced is error. In any event, the facts here are entirely different from those in the Patterson case and the proof at bar is sufficiently cogent to refute appellants' contention that the larceny as charged was not committed. [State v. Thomas, 296 Mo. 459.] We therefore overrule this contention.

IV. The averment of ownership of property charged to have been stolen is essential as showing that it belonged to another person than the thief. The information complies with this requirement.

Ownership.

There is no merit in the contention that there was no proof of ownership. It was admitted by the appellants to the officer who arrested or had them in custody when they went to redeem the suit from the pawnbroker.

An objection to the sufficiency of evidence to sustain a conviction must be to such testimony as is necessary to establish the guilt of the accused. The rule as to the proof of ownership of property stolen can only be said to apply in this case in a preliminary manner. While it is essential to a charge of larceny that the ownership of property stolen must be averred, this requirement is made, as above stated, in order that it may be shown that such ownership was in another than the thief; the exact title, therefore, of the property stolen is of no concern to the latter in making his defense and proof of same

need not be of the cogent character essential to sustain a conviction. If, for example, the information had averred that the suit belonged to Langston, in whose dwelling it was left by the owner, and the testimony had shown that Langston was simply a bailee, this would have constituted sufficient proof of ownership to sustain the averment. The following rulings are confirmatory of the correctness of this illustration: The averment of the ownership of property necessary to support a charge of larceny may be either general or special and the possession of the owner may be either actual or constructive. If the property stolen be in the actual possession of a person other than the general owner and the latter has a constructive possession the ownership may be alleged and proved to be either in the special owner or in the general owner. [State v. Lackey, 230 Mo. 707.] While the ruling in the Lackey case turned upon the evidence of a variance between the averment and the proof, it announced unequivocally the rule as above stated. In State v. Smith, 250 Mo. l. c. 365, 157 S. W. l. c. 319, the rule as announced in the Lackey case was approved. Likewise where it was averred that the ownership of a car was in one railroad and the proof merely showed possession, but actual ownership in another road, the variance was held not material. [People v. Fitzgerald, 297 Ill. 264.]

In short, an averment as to ownership may be supported by proof of any legal interest or special property in the things stolen, although it may be less than an absolute title. [Sharp v. State, 61 Neb. 187; State v. Shoemaker, 96 Ohio St. 570; Commonwealth v. Rose, 74 Pa. Super. 96; Blackburn v. State, 44 Tex. 457.] Numerous other illustrations of the application of the rule are found in 36 Corpus Juris, Larceny, sec. 404, p. 860, and notes.

V. The giving of several instructions asked by the State is assigned as error. Only one of these, numbered

**Instructions: Objections Waived.** one, is stressed in the appellants' brief and we are authorized in concluding that the objections to the others have been waived. [State v. Linders, 299 Mo. l. c. 687, 253 S. W. 716; State v. Whitsett, 232 Mo. 511; State v. Holden, 203 Mo. 581.]

VI. Instruction numbered one, given at the request of the State is as follows:

"If upon a consideration of all the evidence in this case, in the light of the court's instructions you find and believe from the evidence, beyond a reasonable doubt, that at the County of Pemiscot and State of Missouri, on or about the 19th day of March, 1923, or at any time within three years next before the filing **Instruction: Larceny from Dwelling House.** of the information here, the defendants Lee Flowers and Raymond Jones did wrongfully and feloniously take and carry away one suit of brown clothes from the dwelling house of Smith Langston, with the intent to fraudulently convert the same to their own use and permanently deprive the owner thereof, without his consent, and that the same was the property of one J. J. Malone, and of less value than thirty dollars, you will find the defendants guilty and assess their punishment each at imprisonment in the penitentiary for a term of not less than two years nor more than seven years, or by imprisonment in the county jail not exceeding one year."

It was not necessary for the information of the jury that this instruction require them to find that the suit of clothes was, at the time it was stolen, under the care and protection of the dwelling house. It was necessary for them to find that the suit was stolen from the dwelling house and they were so told in connection with other averments necessary to their information in finding their verdict. While the instruction itself bears upon its face all the necessary evidence of its sufficiency, the giving of same under a like state of facts, was not without precedent. An instruction approved in State v. Thomas, 296

Mo. 1. c. 467, while not a rescript of that at bar is the same in all of its material features. The giving of the instruction in the Thomas case, while containing no reference to the Patterson case, has the effect of overruling the latter so far as it holds that, to sustain a verdict of guilty, it must be shown that the property stolen was under the care and protection of a dwelling house. In demonstrating the fallacy of this conclusion, therefore, in the instant case, we have but given affirmative expression to the holding in the Thomas case. [*Vide* also State v. English, 228 S. W. (Mo.) 1. c. 749.]

VII. The failure of the trial court to rebuke the prosecuting attorney for certain alleged improper remarks is assigned as error.

These remarks, viewed from the standpoint of propriety, are subject to criticism; but they do not come within the prohibition of the statute (Sec. 4037, R. S. 1919), in that they did not in any manner refer to the failure of the appellants to testify, but to the probative force to be given their admissions of guilt; and a wholly unnecessary but harmless adjuration to the jury to do their duty. One of the most fruitful assignments of error in appeals in criminal cases are the remarks of prosecuting attorneys. Frequently, as at bar, they are devoid of merit. To entitle them to consideration it should clearly appear that they were prejudicial. This does not appear in this case.

No error justifying a reversal appearing in this record the judgment of the trial court is affirmed. All concur.