THE STATE v. JOHN COLLINS, *alias* JOHN LEWIS, *alias* JOHN O'DAY, *alias* JOHN KANSE, *alias* JOHN KELLY, Appellant.

Division Two, November 30, 1915.

1. **PLEADING: Former Acquittal: Habitual Criminal.** Ordinarily the plea of *autrefois acquit* or *autrefois convict* should set out fully and accurately the former indictment, because the identity of the two offenses is the very gist of the plea, and because, before it is availing, the former conviction or acquittal must be had upon a valid indictment, and such identity and validity cannot otherwise be made to appear. But where the plea is directed to an indictment which alleges a former conviction and thereby seeks to charge defendant as an habitual criminal, it is not necessary to set out in the plea more than the indictment itself is required to contain, and to sustain the charge of being an habitual criminal it is required to allege only in general terms the conviction, date thereof, sentence, imprisonment and discharge upon compliance with the sentence.

2. **HABITUAL CRIMINAL: No Crime.** The statute does not authorize a conviction upon a charge of being an habitual criminal; it does not make an habitual criminal habit an offense. It only provides a severer punishment for the crime committed because of defendant's persistence in criminal conduct.

3. ————: **Twice in Jeopardy.** The statute prescribing a greater punishment for a second offense than for the first does not put defendant twice in jeopardy of conviction or punishment for one offense. It simply prescribes a severer punishment for the subsequent offense. Its penalties cannot be inflicted unless he is convicted of the second or a subsequent offense, nor unless he has previously been convicted of a specific crime.

4. **PLEADING: Habitual Criminal: Former Acquittal: Plea of Former Jeopardy.** Where the indictment charges defendant with the crime of larceny and with having been convicted of a former larceny in 1909, a plea to the indictment to the effect that he is being twice put in jeopardy of the offense of being an habitual criminal, and should be discharged, for that he was in 1911 acquitted under an indictment charging he was an habitual criminal, is not sufficient, for the reason that it is not distinctly pleaded that he was acquitted of the crime then charged to him. If he was convicted of the crime itself, but was acquitted on the charge of having been formerly convicted, this fact should have been distinctly pleaded, and it is not.

Appeal from St. Louis City Circuit Court.—*Hon. Rhodes E. Cave,* Judge.

AFFIRMED.

*Thomas J. Rowe, Jr.,* for appellant.

*John T. Barker,* Attorney-General, and *Kenneth C. Sears* for the State.

(1)    Though there is some confusion in the authorities the plea of *res judicata* (construing it to be a plea of *autrefois acquit*) is not sufficient in form. Kelley's Criminal Law and Practice (3 Ed.), sec. 235; King v. Wildey, 1 Maule & Selwyn, 183, 105 Eng. Rep. 69; State v. Heath, 8 Mo. App. 101; 2 Bishop's New Crim. Proc. (2 Ed.), secs. 810, 814, 815; Bishop's Directions and Forms (2 Ed.), sec. 1043, 95; 2 Hale P. C. 243; Crocker v. State, 47 Ga. 568; Smith v. State, 52 Ala. 407; Zinn v. State, 117 S. W. 136; Washington v. State, 32 S. W. 694; Queen v. Austin, 2 Cox's C. C. 59 (*contra*—no discussion). (3) The demurrer was properly sustained. McIntyre v. Commonwealth, 154 Ky. 149; Kinney v. State, 45 Tex. Crim. R. 504 (*contra*), 48 L. R. A. (N. S.) 207 (note). (a) The habitual criminal act is not a distinct crime; it neither compels or forbids any act, but merely fixes a method of punishment applicable to all crimes. It is therefore unique in criminal legislation. (b) Joinder of a charge under the Habitual Criminal Act does not make the indictment bad for duplicity. People v. Boyd, 64 Cal. 153; State v. Moore, 121 Mo. 514. (c) If the habitual criminal charge becomes unavailable the State can proceed upon the indictment as for a charge of a first offense. People ex rel. v. Clancy, 163 App. Div. (N. Y.) 616. (d) The habitual criminal charge may be upon an act committed outside the State. McDonald v. Commonwealth, 173 Mass. 322. (e) Likewise, it may be

for an act committed before the habitual criminal act was enacted. People v. Raymond, 96 N. Y. 38. (f) In California, by statute, if the defendant admits the prior conviction that portion of the information is neither read to nor considered by the jury. People v. Carlton, 57 Cal. 559. (g) In Louisiana the previous conviction should not be charged in the information and is only considered by the judge in passing the sentence. State v. Hudson, 32 La. Ann. 1052.

REVELLE, J.—Defendant 'was charged by indictment in the circuit court of the city of St. Louis with the crime of larceny from the person, and with having been convicted of a former felony, it being alleged that, on the 3rd day of May, 1909, he was convicted of larceny from the person, and after sentence, imprisonment in the penitentiary and discharge upon compliance with the sentence, he committed a second offense of larceny from the person. To that portion of the indictment charging him with a former conviction he filed a plea of former jeopardy, which he styles a "plea of *res judicata*," and which is as follows:

"And the said John Collins in his own proper person, cometh in the court here and having heard the said indictment read, says, that the State ought not to further prosecute the said indictment against him, the said John Collins, charging him with being an habitual criminal under section 4913, Revised Statutes 1909, because on June 3, 1914, the same matters and facts set up in the indictment in this cause were set up and plead in the indictment in case No. 201, February Term, 1914, in Division No. 11 of the Circuit Court of the City of St. Louis for Criminal Causes, and this defendant says that all the matters and things alleged in the indictment in this case, with reference to charging him with being an habitual criminal under and by virtue of section 4913, Revised Statutes 1909, alleged

in the indictment herein, are the same matters and things and charge, conviction and confinement as alleged in the indictment aforesaid, upon which he was duly tried and acquitted by a verdict of the jury on June 3, 1914, in case No. 201, February Term, 1914.

"Defendant says that the offense of being an habitual criminal, as alleged, and all the facts upon which the same are bottomed were fully and finally adjudicated by the verdict of the jury rendered in the aforesaid case No. 201, February Farm, 1914, in the Circuit Court of the City of St. Louis for Criminal Causes, Division No. 11, wherein defendant was duly tried by a jury and acquitted of being an habitual criminal, and this he is ready to verify.

"Therefore, he prays judgment and that by the court he may be dismissed and discharged from the said premises in the said indictment above specified."

To this plea a demurrer was filed by the circuit attorney, and was by the court sustained. After arraignment and plea of not guilty defendant was tried by a jury, found guilty as charged, and his punishment assessed at imprisonment in the penitentiary for a term of seven years.

No bill of exceptions was filed, and the only question presented by this record is the action of the trial court in sustaining the demurrer to the plea of former jeopardy.

I. We have not been favored with a brief from appellant, but have his views through the oral argument of counsel.

At the threshold we are confronted with the State's insistence that the plea is defective in form, in that it does not set out the indictment, verdict or judgment, or any of these. The greater weight of authority is to the effect that the plea *autrefois acquit* or *autrefois convict* should ordinarily set out accurately and fully

**Pleading: Former Acquittal.**

the former indictment, and this because the *identity* of the two offenses is the very gist of it, and, further, because, before it is availing, the former conviction or acquittal must be had upon a *valid* indictment, and such identity and validity cannot otherwise be made duly to appear. If this plea went to the offense alleged, instead of merely to the charge of a former conviction, we would hold that, in order to fulfill the generally accepted requirements, it was necessary to set out the indictment literally, or at least so much thereof as would enable the court to determine from the averments the questions of identity of offenses and validity of the indictment. In view, however, of our impressions as to the true cast and character of the charge of former conviction, it can hardly be said that the sufficiency of this particular plea must be determined by that test. There is not in such cases involved any identity of *offenses* because there is no distinct *offense* alleged. It has never been held in this State that in an indictment alleging a former conviction it was necessary to set out the indictment, judgment or verdict, it being sufficient to merely allege in general terms the conviction, date thereof, sentence, imprisonment and discharge upon compliance with the sentence. [State v. Moore, 121 Mo. l. c. 519.] If the charge in the indictment can be thus briefly stated, it would seem illogical to require more of the plea. The instant plea, however, is defective in one substantial part, and this will be noticed in the succeeding paragraph of the opinion.

II. Loose and misleading language sometimes used in opinions which have dealt with the statute prescribing punishment in cases of second convictions seemingly is the basis of appellant's error. This statute creates no offense, and in no manner authorizes a conviction on a charge of being an habitual criminal, or anything else. It is not even a part of the article

266Mo.7

on "Offenses," but is incorporated in the article on "Miscellaneous Provisions and Definitions." It only prescribes a punishment, and provides that in case of a second conviction the penalty shall be severer "because by his persistence in the perpetration of crime he has evinced a depravity, which merits a greater punishment." [People v. Stanley, 47 Cal. 113; State v. Moore, 121 Mo. l. c. 519, and cases cited.] As said in People v. Raymond, 96 N. Y. l. c. 39: "The first offense was not an element of or included in the second, and so subjected to added punishment, *but is simply a fact in the past history of the criminal,* which the law takes into consideration when prescribing punishment for the second offense. *That only is punished."* The punishment is merely enhanced from the character of the criminal and is inflicted for the offense last committed. [Howard v. State, 139 Wis. l. c. 532; McIntyre v. Commonwealth, 154 Ky. 149; Commonwealth v. Hughes, 133 Mass. 496.] In some jurisdictions it is not even necessary to charge the previous conviction, this being considered only by the court in passing sentence. [State v. Hudson, 32 La. Ann. 1052.]

In some states we find statutes prescribing a severer punishment on a third conviction than the additional punishment provided for on a second conviction, and these statutes have been found free of constitutional objections. If the contention of appellant is correct such a statute could not be effectual, because, under such a theory, when the State utilized in the second case the conviction in the first it would be unable to again use the conviction in the first for the purpose of enhancing the punishment in the case of the third conviction.

This court in State v. Moore, 121 Mo. 514, held that the section prescribing a greater punishment for a second offense than for the first is not unconstitutional, either upon the ground of putting a person twice in jeopardy or prescriibng different punishments for

different persons committing the same offense, it being said that this is not a punishment for the same offense for the second time, but a severer punishment for the subsequent offense. Further emphasizing the legislative intent as here interpreted, section 4914, Revised Statutes 1909, provides that persons convicted in other states, or in a foreign country, of an offense, which, if committed here, would be punishable by imprisonment in the penitentiary, shall, upon conviction for any subsequent offense within this State, be subject to the severer and additional punishment prescribed by the section under consideration. This section has recently undergone review by this court in State v. Levy, 262 Mo. 181. It is clear that under this statute no conviction could be had, and no punishment thereunder assessed unless the jury first found the defendant guilty of the particular *offense* charged in the indictment, and in this relation it is not amiss to note the plea's defective form. It no where appears from the plea whether the alleged former acquittal was on the charge of former conviction alone, or whether on the offense itself. If the defendant in that case was acquitted of the offense itself, it would necessarily follow that the question of his former conviction was not, and could not have been, passed upon, since such was but a mere incident to the main charge, and was not of such a separate and distinct character as to admit of an affirmative finding in the event of *acquittal* on the alleged crime. It is only in case of a conviction of the *offense* charged that an affirmative finding on this element is warranted. If he were convicted of the crime itself, but was acquitted on the charge of a former conviction, this fact should have been distinctly pleaded, and the plea discloses it was not.

The demurrer to this plea was properly sustained, because of insufficiency both in form and substance, and the indictment, verdict and judgment appearing regu-

lar and in proper form the judgment must be affirmed. It is so ordered. *Walker, J.,* concurs; *Faris, P. J.,* not sitting.