THE STATE v. HERMAN LONG, Appellant.—22 S. W. (2d) 809.

Division Two, December 11, 1929.

206

*Stratton Shartel,* Attorney-General, and *Walter E. Sloat,* Special Assistant Attorney-General, for respondent.

208

WALKER, J.—The appellant was charged by information in the Circuit Court of Grundy County with having, in the nighttime,

stolen domestic fowls (chickens), the property of one Charles Helmandollar. Upon a trial to a jury he was convicted and his punishment assessed at imprisonment in the penitentiary for a term of five years. From this judgment he appeals.

Helmandollar lived near the village of Edinburg, in Grundy County. On the morning of August 2, 1927, just before daylight, he went to his poultry house and upon an examination of the same he found many of his chickens missing. It had rained during the preceding night and a man's fresh tracks were discernible in the barnyard. It was also discovered that a hook on a gate leading into the poultry yard was unfastened. Helmandollar called up the sheriff, who came soon thereafter, and they traced the tracks from the poultry house down to a public road leading to Altamont, a village in the adjoining county of Daviess. They proceeded to the village, securing the services of the Sheriff of Daviess County in the meantime, and Helmandollar identified his chickens at a poultry house. A witness who was at the poultry house in the early hours testified that the defendant brought the chickens there and sold them to the dealer. The only testimony offered on the part of the appellant was that of three witnesses who stated that they passed Helmandollar's residence the morning of the alleged larceny and that it was daylight when they saw the defendant loading the chickens into his wagon.

I. The information was drawn under Section 3314, Revised Statutes 1919. It is in the usual form approved by this court in that it embodies all the essential averments required in charging the offense. [State v. Thomas, 301 Mo. 603, 615, 256 S. W. 1028; State v. Dummitt, 318 Mo. 1185, 1187, 2 S. W. (2d) 731; State v. Macon, 287 S. W. (Mo.) 775.] The additional averment of a former conviction is authorized under Section 3702, Revised Statutes 1919, which makes it, when pleaded, a substantive fact in aggravation of the principal offense charged. The averment under Section 3702, supra, does not constitute a separate charge, but only authorizes additional punishment if the jury finds the defendant guilty under the principal charge and that he has theretofore been convicted of a felony.

II. In addition to the objections urged to the validity of the habitual criminal act (Sec. 3702, supra), it is insisted that the information is violative of both the State (Art. 2, Sec. 23, Const. Mo.), and the Federal Constitutions (Fifth Amendt. Const. U. S.), in that it places the appellant twice in jeopardy for the same offense. This contention is based on the fact that the original information simply charged the larceny

of the chickens in the nighttime while the amended information on which the appellant was tried and convicted, pleaded, in addition, his former conviction of a felony. We have not been favored with a brief by the appellant defining the basis for his contention of former jeopardy. There is nothing in the record to disclose the nature of this plea. It is true that he was accorded the right to a preliminary examination under the original charge, which he waived and the same was denied to him under the amended information. This, however, offers no tenable foundation for a plea of former jeopardy. That he was convicted of the principal charge, to which is added the averment as to habitual criminal conduct, is, from the record, beyond question. This being true, as we held in a well considered opinion by REVELLE, J. (State v. Collins, 266 Mo. 93), no ground exists for a plea of former jeopardy. As ruled in effect by the court in that opinion, the statute does not authorize a conviction upon a charge of being an habitual criminal; it does not make the habit of an habitual criminal an offense, but simply provides for a more rigorous punishment for the crime. The offer, therefore, to grant the appellant a preliminary examination on the original charge, which he waived, did not in anywise place him in jeopardy. It was in no sense a trial, but simply a compliance with the statute to afford him an examination to determine if sufficient cause existed to require his commitment or that he be required to give bail to answer such information as might be preferred against him. When such information was filed the right of the prosecuting attorney to amend the same by the addition of the averment of the appellant's former conviction was, for the reasons stated, clearly authorized. [Sec. 3762, Laws 1925, p. 195; Sec. 3853, R. S. 1919.] The propriety of the amendment of the information may be determined affirmatively by the following general rule; if a defense under the original information would be equally available after the amendment is made as it would have been before, or more concretely stated, if any evidence the defendant might have would be equally applicable in his defense in one form as in the other of the charge, then the amendment may be held to be one of form and not of substance, and the appellant, not being prejudiced by the amendment, will not be heard to complain. [State v. Moyer, 76 Ore. 396; The Queen v. Weir, 3 Can. Cr. Cases, 262.] The applicability of this rule to the instant case is evident from the fact that the amended information charged the same offense as the original and no defense available to the appellant in the one case could be denied him in the other.

In addition, a plea of this character should, as we held in the Collins and other cases, be specifically made by setting forth and proving all of the facts in regard to the same. [State v. Langford,

293 Mo. 436, 441.] A reliance, therefore, under our rules of procedure, upon general allegations as to the unconstitutionality of the information will not suffice. Further than this, a plea in abatement, to entitle it to consideration, should be preserved in the bill of exceptions and not inserted in the record proper as was done in this case. This, for the reason that such a plea is substantially a plea in bar and no authority holds to the contrary. Thus classified it is entitled to a review only when incorporated in the bill of exceptions. [State v. Judge, 315 Mo. 156, 285 S. W. 718, 720; Elliott's Appellate Procedure, sec. 191, p. 163.] However, we have preferred to show from the purpose and effect of this statute (Sec. 3702, supra), that no valid reason can be urged for the appellant's plea.

III. Appellant contends that he should have been granted a preliminary examination on the filing of the amended information. A preliminary examination having been waived by him upon the original charge the right to hold him to answer an information became conclusive, and the charge, so far as the gravamen of the offense is concerned, being identical in both cases, requiring the same proof and the fact of his conviction for a former crime being a matter of record and not dependent on the testimony of witnesses, the appellant was not prejudiced by the denial of his application for a preliminary examination after having waived the same in the first instance. We therefore hold that there is no merit in this contention. [State v. McBride, 12 S. W. (2d) 46, 49; State v. Carey, 278 S. W. (Mo.) 719, 722; State v. Woodward, 273 S. W. (Mo.) 1047, 1048 and cases cited.] Furthermore, the appellant's plea of the general issue without more, waived a preliminary examination. [State v. Gartland, 304 Mo. 87, 97; State v. Ferguson, 278 Mo. 119, 129.]

IV. The appellant contends that he was not accorded twenty peremptory challenges to which he claims he was entitled under the statute. The maximum punishment prescribed for his offense was five years' imprisonment in the penitentiary. [Sec. 3314, R. S. 1919.] If found to be an habitual criminal the punishment for his principal offense under Section 3702, Revised Statutes 1919, could not exceed the maximum punishment under an information drawn alone upon Section 3314, supra. The peremptory challenges allowed a defendant in a case of this character are limited to eight, under Section 4017, as amended Laws 1925, page 196. There is nothing in the record to indicate that he was not allowed this number. It would, under our rulings, have sufficed in the disposition of this contention to say that it was not timely raised and has in no manner been pre-

212

served to entitle it to consideration. The only reference to it is found in the motion for a new trial. We have held that it is too late to raise for the first time in the motion for a new trial the objection that the jury has not been legally summoned or empaneled. [State v. Page, 212 Mo. 224, 239, 110 S. W. 1057; State v. Sansone, 116 Mo. 1, 22 S. W. 617.] The absence from the record of any exception to the empaneling of the jury, other than in the motion for a new trial, is in effect a waiver of any irregularity, if it had existed, in this behalf.

V. There was substantial evidence of the appellant's guilt; and his demurrer to the State's evidence was therefore properly overruled. When, however, as at bar, the appellant, after the overruling of his demurrer proceeded to introduce testimony in his own behalf he waives his demurrer to the State's evidence. [State v. Webb, 300 S. W. (Mo.) l. c. 707; State v. Grubbs, 289 S. W. (Mo.) l. c. 855.]

VI. No error was committed in the introduction of the appellant's former conviction to establish the fact of his habitual criminality. The authenticity of this record was not challenged, the appellant's objection being limited to the constitutionality of the act. We have heretofore discussed and determined the lack of merit in this objection.

VII. The testimony of two witnesses introduced to prove the value of the chickens stolen is objected to on the ground that they were not experts. It appears that one of them had been raising pure bred chickens of the breed stolen, for twenty years; and the other witness had been similarly employed for ten years. Under these facts the court, as it was authorized to do, held them to be competent. The rule is well established that the qualification of witnesses offered as experts is largely one for judicial determination. [State v. Liolios, 285 Mo. l. c. 16; State v. Rose, 271 Mo. l. c. 26; State v. Daly, 210 Mo. l. c. 676.]

VIII. It is contended that the trial court erred in permitting counsel for the State to read to the jury the testimony of the appellant given by him in the preliminary examination of one Atterberry for participation in the crime with which the appellant was charged. Appellant's objections to the reading of this testimony to the jury was, first, that it violated his constitutional rights, and second, that it was made under a promise of immunity. As to the first, as made,

it is not entitled to consideration. As to the second, other than the statement of immunity in the appellant's objection to the reading of the testimony, there was no attempt to sustain the charge of a promise of an offer of immunity dependent upon the appellant testifying at the instance of the State. A mere declaration by appellant's counsel in objecting to the latter's testifying will not suffice to exclude his statements from consideration by the jury. In the absence therefore of any proof to the contrary his statements, made at the preliminary examination of Atterberry, must be regarded as voluntarily made and hence not subject to objection in the manner attempted to be interposed at the trial. [State v. Seward, 247 S. W. (Mo.) 150, 153 and cases cited.] The general rule in regard to the admissibility of evidence of this character is that statements voluntarily made by a defendant on a preliminary examination or on a former trial of himself or another person, may be received against the defendant as his admission. [16 C. J. p. 630, secs. 1251 and 1253 and notes numbered 41, 43 and 51.] The test as to admissibility of such testimony is its voluntary character. This established, it is a matter of minor importance so far as its competency is concerned as to the tribunal before which the admission was made.

In State v. Glahn, 97 Mo. 679, 11 S. W. 260, one of the Missouri cases cited in Corpus Juris in support of the admissibility of a defendant's admissions under facts akin to those at bar, a trial court had allowed a witness to give evidence as to what a defendant had testified to on a former trial, and the court, in ruling upon the admissibility of the testimony, said: "We can see no objection to such testimony. Had the defendant made the statements out of court, evidence of them would be admissible. They are none the less admissible because made by the defendant under oath."

IX. Error is assigned in the refusal of the court to give at the request of the appellant the following instruction:

"4. The court instructs the jury that the fact that the defendant did not testify should not be considered by the jury in arriving at a verdict in this case, and no juror should be prejudiced against the defendant because he did not testify in the case."

This instruction was properly refused. If given, it would have been in direct violation of the statute, Section 4038, Revised Statutes 1919, which precludes the giving of an instruction which comments upon the testimony; at most, its refusal was not prejudicial to the defendant and therefore not a ground of reversal. [State v. DeWitt, 186 Mo. 61, 84 S. W. 956; State v. Taylor, 261 Mo. 1. c. 228, 168 S. W. 1191.]

A review of the errors assigned in regard to the other instructions discloses neither the giving nor refusal of any to the appellant's prejudice.

X. The verdict rendered which assessed the punishment of the appellant at five years in the penitentiary was authorized under the statute, Section 3314, Revised Statutes 1919, and in like form under a similar state of facts has been approved by this court. [State v. English, 274 S. W. (Mo.) 470, 474.]

No errors appearing which were to the prejudice of the appellant the judgment is affirmed. *Blair, P. J.,* concurs; *White, J.,* concurs in result.