249 S.W.2d 433 (1952)
STATE
v.
O'BRIEN.
No. 42934.
Supreme Court of Missouri, Division No. 2.
May 12, 1952.
Motion for Rehearing or to Transfer to Denied June 9, 1952.
Robert S. Allen, St. Louis, for appellant.
J. E. Taylor, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.
Motion for Rehearing or to Transfer to Court En Banc Denied June 9, 1952.
BARRETT, Commissioner.
Thomas Joseph O'Brien has been found guilty of burglary in the second degree and of three prior felony convictions and, therefore, the maximum penalty for the burglary, ten years' imprisonment, has been imposed. Sections 556.280(2), 560.095(2) RSMo 1949, V.A.M.S. Upon this appeal it is asserted that the trial court should have directed a verdict for the defendant for the reason that the evidence did not establish the crime of burglary in the second degree, Section 560.070 RSMo 1949, V.A.M.S., in that there was insufficient evidence of a "breaking," and no evidence that the appellant's entry into the apartment house was without the consent or permission of the owner.
The facts and circumstances relied upon by the state were these: On Friday, February 4, 1949, about 11:30 in the morning, Anton Amann went to his mother's apartment house at 2922 South 13th Street. She had agreed to live with him temporarily and he had called for the purpose of taking her to his home. He was in the apartment *434 about thirty minutes and when they left the front and back doors were locked and the windows, particularly the rear kitchen window, were closed and the house was in order. Between 5:30 and 5:45 in the afternoon a young man, Donald Martin, saw the defendant and another man approaching Mrs. Amann's apartment. He stopped in a doorway and watched them, particularly noticing that the defendant wore "a sort of an off-green hat." The defendant walked around to the back of the apartment building while his companion loitered on the front walk. In a few minutes, in response to a radio call, two policemen arrived in a squad car. One of the policemen asked the man in front of the house where his companion was and the man pointed to the apartment house. As Officer Kuhlmann ran through the gangway, with Donald following, he saw the defendant jumping out of the kitchen window and as the defendant ran from behind some sheds Kuhlmann arrested him and immediately accused him of having been in the house. The defendant first admitted that he had been in the apartment but later claimed that he was taking a "short cut" through the yard. Anton returned in a few minutes and he and the policeman entered the apartment and found that it had been thoroughly ransacked and a locked chifforobe had been broken open. Between the wall and a bed Anton found a green hat which Donald Martin identified as the hat the defendant wore. The policeman identified the defendant as the man he saw jumping from the open kitchen window. The doors were locked and all the windows were closed, except the kitchen window, and Anton testified that it was closed, he could not say whether it had been locked, when he left about noon.
In these circumstances the defendant countends that there is no "direct evidence" that he "broke into the Amann home." Even though he was seen jumping from the rear window, it is argued that there was no evidence that he entered the house, or if he did as to how the entry was effectuated. If the defendant means that there must have been some evidence of a forcible "bursting or breaking" of a window he has misconceived the difference in burglary in the first degree, Section 560.040 RSMo 1949, V.A.M.S., and burglary in the second degree, the offense for which he was tried and convicted. Section 560.070 RSMo 1949, V.A.M.S. These statutes have been in force since territorial days and it has been pointed out many times that it is only in first degree burglary that the method of gaining entry by "bursting or breaking" is important. Any other "breaking and entering of which shall not be declared by any statute of this state to be burglary in the first degree * * *," if the entry is with the intent to steal or commit any crime therein, is burglary in the second degree. Section 560.070 RSMo 1949, V.A.M.S.; State v. Young, 345 Mo. 407, 133 S.W.2d 404. Thus the state's evidence plainly shows, circumstantially, including the green hat, State v. Wilson, 225 Mo. 503, 523, 125 S.W. 479, that the defendant entered the apartment by raising the kitchen window and that is a sufficient breaking and entry without the meaning of the statute defining burglary in the second degree. State v. Tutt, 63 Mo. 595; State v. Stewart, 329 Mo. 265, 44 S.W.2d 100.
Mrs. Amann did not testify but her absence was explained by reason of her age, seventy-five years, and health. Her son did testify and again the fact that the appellant's entry into the apartment was without the consent or permission of the owner was made to appear circumstantially from his exit, the condition of the apartment and the plain implication of Anton's testimony. 12 C.J.S., Burglary, § 57, page 734. If the defendant desired an instruction on circumstantial evidence as to either of these issues, breaking and want of consent, it was his duty to request it. State v. Martin, 357 Mo. 368, 377, 208 S.W.2d 203, 209.
The appellant also contends that the court erred in submitting to the jury two of the three prior felony convictions for the reason that they "were the same prior convictions which had been previously used by the State to charge the same appellant with the Habitual Criminal Act, * * *." He claims that they had been previously used in another case in which *435 the jury had not found the convictions and, therefore, they could not be used again. It is argued that when a former jury failed to find the prior convictions the fact became res adjudicata and their subsequent use a violation of the constitutional provision against double jeopardy. It is not possible upon this record to consider or pass upon the merits of the appellant's argument, however. There is nothing in this transcript of the record to show that the two prior convictions were used in another case, there were no proper and timely objections or offers of proof and the question was not specifically raised until his motion for a new trial which, of course, does not prove itself. If the appellant has in mind his recent burglary conviction, State v. O'Brien, Mo.Sup.1952, 245 S.W.2d 857, in which a four years' sentence was affirmed, and in which he was charged to be a habitual criminal, the record in that case does not show that the prior convictions were submitted to the jury, the case was here upon the record proper only. Aside from the lack of proper objection, it simply does not appear upon this record that the prior convictions were ever used against the defendant in another case or that another jury has found them either for him or against him and, therefore, the merits of the questions raised cannot be considered or determined. State v. Collins, 266 Mo. 93, 180 S.W. 866; State v. Long, 324 Mo. 205, 22 S.W.2d 809; State v. Herring, Mo.Sup., 92 S.W.2d 132.
The infliction of the ten year sentence was mandatory since the jury found the prior felony convictions, State v. Montgomery, Mo.Sup., 223 S.W.2d 463, and the verdict does not, of course, demonstrate passion and prejudice on the part of the jury. State v. Mahan, Mo.Sup., 226 S.W.2d 593. There are no errors upon the record proper and the judgment, accordingly, is affirmed.
WESTHUES and BOHLING, CC., concur.
PER CURIAM.
The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.
All concur.