252 S.W.2d 357 (1952)
STATE
v.
O'BRIEN.
No. 43083.
Supreme Court of Missouri, Division No. 2.
October 13, 1952.
Motion for Rehearing or to Transfer to Denied November 10, 1952.
*358 Robert S. Allen, St. Louis, for appellant. J. E. Taylor, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.
Motion for Rehearing or to Transfer to Court en Banc Denied November 10, 1952.
BOHLING, Commissioner.
Under information filed in the Circuit Court of the City of St. Louis, Thomas Joseph O'Brien was charged with the felonious stealing of a 1950 model Mercury four door sedan, the property of Joseph and Lucille Messler, section 560.165 RSMo 1949, V.A.M.S., and with two prior convictions under the habitual criminal act. The jury returned a verdict of guilty and assessed his punishment at ten years imprisonment. He appeals from the judgment entered thereon, and contends that specified evidence tending to connect him with the offense was erroneously admitted; that the admission of evidence of his prior convictions, confinements and discharges constituted error; and that the competent evidence was insufficient to sustain the verdict.
The State's evidence (defendant offered no evidence) tended to establish the following facts. Joseph Messler and Lucille Messler, husband and wife, were the owners of a 1950 Mercury sedan, valued at $2,200. They had owned the car only six or seven weeks, when about 2:30 on the afternoon of July 25, 1950, Mr. Messler parked it near his tavern on the corner of Missouri and Cherokee in the City of St. Louis. He saw the car where he had parked it about 6 p. m. but when he left his place of business at 6:30 p. m. he discovered it had been stolen.
Mr. and Mrs. Daus, who live at 2631 Oregon Avenue, St. Louis, Missouri, advertised a garage connected with their property for rent. On July 3 or 4, 1950, three men looked at the garage, a two-car garage, and agreed to rent it. Later defendant, who gave his name as W. M. Brockmeier, returned and paid the rent, $12 a month, and took Mr. Daus' receipt therefor. He also paid the rent when it became due for the months of August and September, 1950. When Mr. Daus asked defendant if he wanted a lock for the garage, defendant put the lock on the window sill and stated: "We have our own lock." The windows of the garage were clear.
About 8:45 p. m. on September 6, 1950, defendant and two companions were "picked up" by the police in front of the *359 tavern at Missouri and Cherokee and were placed in the "holdover," described as being the place where persons were kept while the police made investigations. Defendant was searched at the station and several items of his personal property, including a key ring with several keys, were put in an envelope and marked as his property. On September 8, 1950, at the direction of one of defendant's companions, several police officers proceeded to 2631 Oregon Avenue where Captain Flynn asked and secured from Mrs. Daus permission to inspect the garage. They found the garage locked and the windows covered with cardboard or cloth so one could not see through them. However, one window was open about six inches. Upon looking through this window they saw a Mercury automobile, with tires and wheels off and resting on wooden blocks. One of the officers entered the garage through the window, and released the wooden bar on one of the doors and let the other officers in. Further investigation disclosed that one of defendant's keys fitted the padlock. When defendant was confronted with this fact by the officers, he stated: "* * * you have got me. All I want is a lawyer."
The Mercury automobile in the garage was the one stolen from the Messlers on July 25, 1950.
Defendant, in his brief here, contends his motion to suppress all evidence involving the key to the padlock on the garage and all evidence concerning the contents of the garage where the automobile was found should have been sustained on the ground said evidence was obtained by an illegal and unreasonable search and seizure.
The State contends that defendant's motion for a new trial does not allege error in the overruling of the motion to suppress and, hence, the point is not for review.
Section 547.030, RSMo 1949, V.A.M.S., provides, in part: "The motion for a new trial shall be in writing and must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor." The statute is mandatory and many cases sustain the general contention of the State. State v. Williams, Mo.Sup., 292 S.W. 19, 20[1]; State v. McKeever, 339 Mo. 1066, 101 S.W.2d 22, 26[2]; State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774, 777[3, 4]; West, Mo.Digest, Criminal Law, k 1064.
Defendant's motion for new trial stated, so far as material here: "That the court erred in admitting evidence over the defendant's objection concerning the discovery of a key on the defendant's person which allegedly fit a padlock on a garage in the rear of 2631 Oregon, and that the court also erred in admitting evidence over the defendant's objection concerning the discovery of a 1950 Mercury automobile or anything else concerning the interior of the garage located at the rear of 2631 Oregon, since such evidence was obtained by an unlawful and unreasonable search and seizure in violation of Art. 1, § 15 of the Missouri Constitution."
Other allegations in the motion give the facts involved in greater detail; but, as contended by the State, no mention of any motion to suppress is to be found in said motion for new trial.
The Missouri cases are to the effect that trial courts will not pause to determine whether relevant and competent evidence was obtained by an unconstitutional search or seizure unless the defendant has previously made a motion to suppress the evidence, or, possibly, unless he had no reason to anticipate the evidence would be introduced and was surprised. State v. Martin, 357 Mo. 368, 208 S.W.2d 203, 207[8], and authorities cited; State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878, 887[14, 15]; State v. Cox, Mo.Sup., 259 S.W. 1041 [1-4]; State v. Lock, 302 Mo. 400, 259 S.W. 116, 125[11]; State v. Dalton, Mo.Sup., 23 S.W.2d 1, 5[6].
The questioned evidence was competent and admissible unless it was inadmissible for some reason independent of the evidence itself. The assignment in defendant's motion for new trial strikes at its admission over the objection interposed at the trial of the case, and the motion to suppress and the court's ruling thereon is not mentioned. What is ruled in State v. Medley, *360 360 Mo. 1032, 232 S.W.2d 519, 523[1], is applicable here: "The motion to suppress and the court's ruling thereon are not mentioned or referred to in any manner in defendants' motion for a new trial and the matter complained of is not before us for consideration." See also State v. Taylor, Mo.App., 266 S.W. 1017, 1018[4]; State v. Thompson, 338 Mo. 897, 92 S.W.2d 892, 893 [1]. We find no ground in the instant record for departing from the holdings in the above cases. Defendant's contention is overruled.
The instant information was under the habitual criminal act, section 556.280 RS Mo 1949, V.A.M.S., charging defendant with two prior convictions, imprisonments in the penitentiary and discharges therefrom. Defendant filed a motion to strike the habitual criminal charge from the information, alleging that said prior convictions had been charged against him in two previous cases and in one the maximum punishment was imposed while in the other the maximum punishment was not imposed; that the legislative intent was that a prior conviction was to be used but once in charging an accused under the habitual criminal act; that the use of a prior conviction more than once under said act contravenes the constitutional provision against double jeopardy; and that a failure to impose the maximum punishment where the habitual criminal act is charged necessarily results in a finding that the accused "was not guilty of said prior convictions," and the fact is res judicata in subsequent prosecutions against the accused. Defendant stresses Gooden v. State, 140 Tex.Cr.R. 351, 145 S.W.2d 179, and cases there cited.
The Missouri constitution provides: "* * * nor shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury * * *." Mo.Const. 1945, art. I, § 19, V.A.M.S. The provision has application in instances where the accused is "acquitted." The habitual criminal act goes only to the punishment, not the guilt or innocence of an accused of the offense on trial, and provides a greater punishment for a second or subsequent offense on account of the persistence of the accused in perpetrating crimes. The punishment is not for the prior offense. The holdings are that proceedings had under said act do not place the accused twice in jeopardy or conflict with other constitutional inhibitions. State v. Moore, 121 Mo. 514, 26 S.W. 345, 346, 42 Am.St.Rep. 542, affirmed in Moore v. Missouri, 159 U.S. 673, 677, 16 S.Ct. 179, 40 L.Ed. 301; State v. Collins, 266 Mo. 93, 180 S.W. 866, 867 [3]; State v. Long, 324 Mo. 205, 22 S.W.2d 809, 811 [1-7]; State v. Citius, 331 Mo. 605, 56 S.W.2d 72, 73[1-3]; Green v. Kaiser, D.C., W.D.Mo., 59 F.Supp. 361. Consult State v. Cassady, 121 Kan. 331, 246 P. 508; People v. Coyle, 88 Cal.App.2d 967, 200 P.2d 546, certiorari denied, 337 U.S. 909, 69 S.Ct. 1042, 93 L.Ed. 1721, rehearing denied, 337 U.S. 934, 69 S.Ct. 1485, 93 L.Ed. 1740.
The transcript of the record shows only the motion to strike and its denial by the court. No showing was made in connection with the motion or any ground stated therein. The motion does not prove itself; and the record does not establish that the two prior convictions were used in another case, or, if used, that the issue was submitted to the jury, or, if used and submitted, that the jury was instructed it must impose the maximum penalty or, under the instructions, was permitted to exercise its discretion in assessing the penalty. The case is, in this respect, in a similar situation to that of State v. O'Brien, Mo.Sup., 249 S.W.2d 433, 434[7], where a like result was reached, citing State v. Collins, supra; State v. Long, supra, and State v. Herring, Mo.Sup., 92 S.W.2d 132, 133[2-5]. We overrule defendant's contention.
The State made a submissible case. On three occasions defendant paid and accepted the landlord's receipt for the rent on the garage in which the stolen automobile was found. He put his own lock on the garage door and the key to the lock was found in his pocket. The stolen automobile was found in the garage, approximately six weeks later. The only explanation of defendant's possession was his statement, "you have got me." State v. *361 Denison, 352 Mo. 572, 178 S.W.2d 449, 452[3, 5, 19]; State v. Harper, 353 Mo. 821, 184 S.W.2d 601, 602[1-3]; State v. Oliver, 355 Mo. 173, 195 S.W.2d 484, 485 [3-5]; State v. Wyre, Mo.Sup., 87 S.W.2d 171, 173.
The judgment is affirmed.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All concur.