STATE of Missouri, Respondent,

v.

Lee NINEMIRES, Appellant.

No. 45982.

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1957.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

STORCKMAN, Presiding Judge.

The defendant, a prisoner in the Missouri State Penitentiary, has appealed from the judgment of the Circuit Court of Daviess County overruling his motion filed pursuant to Supreme Court Rule 27.26, 42 V.A.M.S.

On September 14, 1955, defendant was found guilty by a jury of murder in the first degree and his punishment was assessed at life imprisonment. He was sentenced in accordance with the verdict on October 28, 1955. The record does not show the filing of a motion for new trial and the defendant apparently took no appeal.

On September 26, 1956, seeking to avail himself of the provisions of Supreme Court Rule 27.26, the defendant filed in the Circuit Court of Daviess County his motion entitled "Motion to Vacate Sentence and Judgment of Court." Thereafter, on October 22, 1956, the trial court overruled the motion because "the files and records of this cause show to the satisfaction of the Court that the prisoner Lee Ninemire is entitled to no relief." Notice of appeal was filed on November 2, 1956, and, on defendant's motion, he was permitted to prosecute his appeal as a poor person.

At the onset we are confronted by respondent's contention that the notice of appeal was not filed within the time allowed by law and therefore this court is without jurisdiction to review the case on appeal. As stated, the judgment overruling the motion to vacate was rendered on October 22, 1956, and the notice of appeal was not filed until November 2, 1956, which was the eleventh day after the judgment was rendered. The respondent takes the position that the notice of appeal must be filed within ten days after judgment, citing Supreme Court Rules 28.03 and 3.24 and § 512.050 RSMo 1949, V.A.M.S. So far as pertinent, Rule 28.03 provides: "After the rendition of final judgment in any criminal case, the defendant shall be entitled to take an appeal as provided in these Rules. An appeal shall be taken by filing a notice of appeal in the same manner and within the same time after final judgment as provided for civil cases." Section 512.050, with respect to the time for taking appeals in civil cases, provides: "No such appeal shall be effective unless

the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." Rule 3.24 provides: "(a) For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed. In any such case, by leave of the trial court, a notice of appeal may be filed at any time after the expiration of the time for filing a motion for a new trial and within thirty days after entry of judgment. * * * (b) In any case in which a notice of appeal has been filed prematurely, such notice shall be considered as filed immediately after the time the judgment becomes final for the purpose of appeal."

Since the transcript does not show the filing of a motion for new trial directed to the judgment of October 22, 1956, the case falls within the provisions of paragraph (a) of Rule 3.24 quoted above. Therefore the appeal taken on November 2 was not out of time and, by reason of paragraph (b) of Rule 3.24, it was not premature. The objection to our jurisdiction must be overruled. State v. Robbins, Mo., 269 S.W.2d 27, cited by respondent, is distinguishable because a motion for new trial was filed in that case and it was held the appeal must be taken within ten days after the overruling of the motion. Further, it should be noted that we do not reach for determination the question of whether a proceeding under Rule 27.26 is civil or criminal; under the pertinent facts of this case, the result would be the same in either event.

█ If the appellant's motion to vacate and the files and records of the original criminal prosecution disclose that a claim for relief is not stated, a hearing is not required and the trial court did not err in overruling the motion. Sup.Ct.Rule 27.-26; State v. Cerny, 365 Mo. 732, 286 S.W. 2d 804, 807 [7, 8].

█ The appellant first charges that the warrant for his arrest was insufficient in that it stated that he "did then and there unlawfully, feloniously, knowingly, maliciously, wrongfully, wilfully, on purpose, deliberately with specific criminal intent, and with malice aforethought shoot Jackie Lee Brown * * *," whereas the affidavit and complaint filed charged him with "a much more grave offense" which we assume to be murder in the first degree. Appellant cites § 544.020 and Rule 21.08 providing that the magistrate shall issue a warrant "reciting the accusation." So far as the transcript discloses, the appellant made no attack on the warrant prior to his trial and conviction. Obviously the warrant, on its face, disclosed that the defendant was charged with a criminal offense known to the law. Slight defects or imperfections which do not tend to prejudice the substantial rights of the defendant will not render the warrant invalid. Schwartz v. Dutro, Mo., 298 S.W. 769, 771 [10]. We need not determine whether the warrant was defective because it did not allege the felony precisely as it appeared in the affidavit and complaint, since the defect, if any, went to the validity of the arrest and not to defendant's guilt or innocence of the offense charged. This is the sort of preliminary matter which is waived by failure to make timely objection and going to trial. State v. Taylor, 362 Mo. 676, 243 S.W.2d 301, 302 [1]; State v. Harmon, Mo., 243 S.W.2d 326, 328 [2].

Nor do we find a claim for relief stated in appellant's next charge, which is, the court had no jurisdiction to try him on the amended information because the trial court did not permit the substitution and further that the amended information charges the defendant with a different offense in violation of § 545.300.

█ Supreme Court Rule 24.02 provides: "The court may permit an information to be amended or an information to be substituted for an indictment at any time be-

fore verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." We have recently held that an amended information may be filed even though the prior information or indictment has not been held insufficient. State v. Green, Mo., 305 S.W.2d 863. Where the record shows the filing of such amended information without objection, it will be presumed the trial court "permitted" the filing in accordance with Rule 24.02.

■ The original information was amended to allege a prior felony conviction under the Habitual Criminal Act. The averment of a former conviction added by the amendment did not constitute a separate or different offense, but only authorized the assessment of additional punishment if the defendant was found guilty of the principal charge and the former conviction. State v. Long, 324 Mo. 205, 22 S.W.2d 809, 811 [1].

■ Next the appellant charges that he was denied due process of law in that "at no time during his trial * * * did his counsel attempt to prove, from the evidence and/or testimony available, at the time of trial, that the defendant-movant was not guilty as charged." He cites and relies upon such cases as Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61, and U. S. ex rel. Hall v. Ragen, D.C.Ill., 60 F. Supp. 820. However, these cases are not controlling because of the dissimilarity of the factual allegations.

The appellant further states that he needs the subpoena power to be able to prove in full the failure of his counsel to present evidence known to counsel at the time of trial, and that he attaches "a true and exact copy of sworn Affidavit (in letter form) executed by one 'Garland Rhodes', made as of date 24th August, 1956, establishing the fact that any action this movant took against one Jackie Lee Brown was only in self-defense and would have been thus proven had counsel for this movant pre-

sented evidence and/or testimony known to him at time of trial." The letter attached, dated Aug. 24, 1956 at Pattonsburg, Mo., reads as follows: "Well Lee I am writing you an other letter & I am going to write just what I would of told them on the witness stand. We went to Coffee and on the way back to pattonsburg Jack Brown tryed to cause trouble with you. He was mad because he had to go to Jail over stealing your car. He tryed to mistreat my mother and thought that would cause trouble with you and him. When we got back to pattonsburg you stoped your car near Jack's Brown's home and asked him to get out and he refused to get out. And when we got to your home you said Boy's you are not comming in. And you went in the house & Jack still making threats. And he got a rinch out of your car and said let go in & get the sunbitch and he started in and he said I dont care what happen's for I have got to go to the army in a few days. And then I heard the Gun Fire. And that is just about all I no about it. And I hope this will help you. From Garland Rhodes."

The letter indicates that Rhodes, the supposed author of the letter, was not an eye witness to the shooting and only knows of threats preceding his hearing of gunfire. The motion does not show whether he testified at the trial and, if not, whether he was available as a witness; whether the appellant had knowledge of the supposed facts at the time of the trial and, if so, whether he communicated such information to his counsel.

■ A motion to vacate under Rule 27.-26 is insufficient which states mere conclusions. In order to state a claim, the facts alleged must be sufficient to establish grounds for the relief contemplated by the rule. State v. Cerny, 365 Mo. 732, 286 S.W. 2d 804, 807 [5]. The allegations on this specification are wholly insufficient to establish that the defendant was denied due process of law by reason of the action or non-action of his court-appointed coun-

sel. State v. Freedman, Mo., 282 S.W.2d 576, 580 [1]; State v. Sprouse, Mo., 286 S.W.2d 761, 762 [2], certiorari denied .352 U.S. 851, 77 S.Ct. 72, 1 L.Ed.2d 61.

The next assignment is that "much of the evidence and/or testimony used against him at time of trial was perjured testimony and was knowingly used by the Prosecuting Attorney of Daviess County only for the purpose of obtaining a conviction—disregarding the rights of the defendant-movant," and that the defendant was thereby denied due process and equal protection of the law. The court is requested to review the entire transcript of testimony at the trial and we are assured that we will find it perjured. The motion then sets out what purports to be questions and answers from the testimony of William Malby whom the defendant refers to as the "Star witness for the State," and on another occasion as "an old senile man." The comparison of the testimony in the magistrate court with that given in the circuit court does not tend to prove that the witness wilfully swore falsely. The differences do not appear to be greater than occur in the case of a faulty memory or where, as the defendant himself charges, the witness is senile. This falls short of making a reasonable showing of perjury. Whether the witness was competent was for the Court, in the first instance, and his credibility was for the jury. Apart from the appellant's conclusions, there are no facts alleged tending to show that the prosecuting attorney knowingly used perjured testimony. The case does not fall within the rule of State v. Eaton, Mo., 280 S.W.2d 63, where a hearing was required. See State v. Eaton, Mo., 302 S.W.2d 866, 873 [7], where the evidence was held insufficient to sustain the charge that a prosecutor knowingly used perjured testimony to secure a conviction. The sufficiency of this allegation of appellant's motion is also denied.

The two remaining grounds alleged in the motion and presented on appeal may be treated together. One is that the defendant was not granted allocution, §§ 546.570 and 546.580. The other is that the names of the witnesses were not endorsed on the information, § 545.240. The appellant is mistaken as to the facts in each instance. The transcript shows that the names of 14 witnesses were endorsed on the amended information filed in the case and the judgment of conviction and sentence clearly shows that the defendant was granted allocution. The court to whom the motion to vacate is presented is not bound to accept as true an allegation which the files and records of the case show to be erroneous. Sup.Ct.Rule 27.26; State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 807 [7].

Appellant's motion to vacate, considered in connection with the files and records of the case, failed to charge any valid ground for relief and the trial court did not err in overruling it. The judgment is affirmed.

All concur.