**STATE of Missouri, Respondent,**

v.

**Donald Paul STUMPH, Appellant.**

No. 48637.

Supreme Court of Missouri,

Division No. 1.

Oct. 9, 1961.

Marshall W. Lyons, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., James W. Steele, Sp. Asst. Atty. Gen., for respondent.

COIL, Commissioner.

The jury found Donald Paul Stumph guilty of stealing a motor vehicle and the

trial court, having found that the defendant theretofore had been convicted of a felony as charged under the Habitual Criminal Act, sentenced him to six years in the state penitentiary. Stumph has appealed and, inasmuch as he has filed no brief, we shall examine the eight assignments of error contained in his motion for new trial.

■ Assignments 3 and 7 challenge the sufficiency of the evidence to support the conviction. The evidence tended to show that on the night of July 3, as was the custom, an employee of the Hertz Car Rental Corporation parked that company's rental cars in a driveway adjoining its place of business and parked one automobile so that it blocked the driveway entrance. On the morning of the 4th, the Hertz station manager found that the car which had blocked the driveway had been moved and one of the cars which had been parked in the driveway was missing. No permission to use or move the missing automobile had been given to defendant. The previous evening police officers had arrested the defendant. He was driving the missing Hertz car and admitted that he had taken it. The officers testified that defendant was not intoxicated. Defendant testified that he did not remember how he got in the Hertz automobile but remembered that he was in it and that he was taken by police to headquarters. His contention at the trial was that he had not stolen the car and was "not guilty of the crime charged" because he considered that while he did not think he was intoxicated (although at another place in the testimony he said he imagined he was), he was "in a state of mind that made me completely incompetent of committing a crime."

The foregoing brief statement is sufficient to demonstrate that the evidence was sufficient to support defendant's conviction for stealing a motor vehicle. Section 560.156 RSMo 1959 and V.A.M.S.

■ New trial assignment 1, that "the Court admitted illegal testimony over the objections of the defendant, prejudicial to the rights of the defendant," and assignment 8 that "the Court erred in giving all the instructions offered by the plaintiff which were objected to and excepted by the defendant" are too general to preserve anything for appellate review. State v. Thomas, Mo., 309 S.W.2d 607, 610[7].

■ So also, these assignments (4 and 6) are likewise too general to preserve anything for appellate review: "That the verdict of the jury is contrary to the law" and "Because the error of law occurred during the trial." State v. Duncan, Mo., 316 S.W. 2d 613, 615[2].

■ New trial assignment 2 is that the penalty assessed by the court "was excessive in relation to the weight of the evidence." The court assessed the punishment under the provisions of the Habitual Criminal Act, Section 556.280 RSMo 1959 and V.A.M.S. The punishment so assessed was within the range fixed by the statute under which defendant was charged and convicted. Section 560.156, supra. Nothing further appearing which could bear upon the question of excessiveness, there is no merit in the contention.

■ New trial assignment 5 is "That the filing of the Habitual Criminal Act was improper and filed one day previous to trial and did not allow the defense proper time in which to prepare the defense." The information charging the stealing of a motor vehicle was amended, apparently the day before the trial, to charge defendant with the prior commission of a felony under the Habitual Criminal Act. Supreme Court Rule 24.02, V.A.M.R., authorized the trial court to permit the information to be amended at any time before verdict if no additional or different offense was charged and if the substantial rights of the defendant were not thereby prejudiced. The amendment charging a prior conviction of a felony did not constitute the charge of an additional or different offense but only

authorized the assessment of punishment by the court if the defendant was found guilty of the stealing charge and was found to have been priorly convicted. State v. Ninemires, Mo., 306 S.W.2d 527, 530[6]: The defendant did not object to the filing of the amended information and, clearly, the trial court did not err in permitting the amendment.

We have found no prejudicial error in connection with those matters which we are required to review upon the record before us, even though defendant has made no allegations of error with respect to them.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.