**STATE of Missouri, Respondent,**

v.

**Walter Lee MORTON, Appellant.**

**No. 47984.**

Supreme Court of Missouri,
Division No. 3.

April 11, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Timothy D. O'Leary, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Kenneth K. Simon, Kansas City, for appellant.

G. DERK GREEN, Special Judge.

On October 8, 1959, in the Circuit Court of Jackson County, the defendant was convicted by jury trial of Robbery in the First Degree. The Information also charged two prior felony convictions. The trial court, as provided in § 556.280, RSMo 1959, V.A.M.S. as amended by Laws of 1959, SB 117, held a hearing prior to the submission of the issues to the jury and having found against the defendant as to the previous convictions, following the jury's verdict proceeded to determine defendant's punishment and fixed his punishment at imprisonment in the penitentiary for a term of 20 years. This is the third time that the defendant has been before this Court in an effort to set aside the judgment and sentence then imposed. After the overruling of defendant's Motion for a New Trial,

allocution, sentence and judgment, the defendant filed Notice of Appeal and was granted leave to appeal as a poor person. His appeal was heard in this Court, decided on October 10, 1960, and reported in 338 S.W.2d 858. The judgment was there affirmed.

Later, the exact date not being shown in this record, the defendant filed a motion in the Circuit Court of Jackson County pursuant to S.Ct. Rule 27.26, V.A.M.R. asking that the sentence and judgment be vacated. The trial court overruled his motion, and he again appealed to this Court. This appeal was decided on October 9, 1961, and is reported in Mo., 349 S.W.2d 914. The judgment of the trial court was again affirmed.

The defendant was represented by able counsel in the trial court in his trial before the jury, in presentation of his Motion for New Trial and in the preparation and approval of the transcript filed in appeal in that case. However, counsel did not appear for the defendant in this Court in presenting the appeal in either the first or second time that it was presented to this Court. For this reason, and following the decision in Swenson v. Donnell, 8 Cir., 382 F.2d 248, it was ordered that the judgment of this Court affirming the conviction of the defendant be set aside and the cause reinstated on the docket of this Court for hearing. It was ordered that counsel be appointed to represent the defendant on appeal in accordance with S.Ct. Rule 29.01 (c). Counsel was appointed, prepared and filed brief for appellant and appeared in this Court to orally argue this appeal.

Both appellant and respondent, in their written briefs, accepted and adopted the statement of facts as recited in the case reported in Mo., 338 S.W.2d 858, and that statement of facts is here adopted without repetition, except as may be necessary in considering the questions raised. The appellant candidly states in brief and oral argument that upon review of the record in this case, he "considers, after due and careful deliberation that the trial court and Supreme Court on the first appeal, exercised all care with respect to watchful preservation of defendant's rights, and further, that the authorities relied upon by said courts in the support of their respective decisions are current and proper in application of this appeal, and that no substantive changes have occurred sufficient to alter these authorities." Appellant's only contention here made is that he was denied due process of law under the 14th Amendment to the Constitution of the United States "by the State's failure to give appellant and counsel timely and sufficient notice of the Habitual Criminal Act charges pending, and filed on the day of the trial, October 7, 1959 by Amended Information." It is that point that will be here considered.

For this purpose some additional statement of facts may be helpful. The offense for which the defendant was charged and convicted was alleged to have occurred on March 23, 1959. The transcript indicates that the defendant was taken into custody on that date and after preliminary proceedings in the Magistrate Court, the case was lodged in the Circuit Court and Information was filed on July 2, 1959. Defendant was arraigned and entered a plea of not guilty on July 16. The case was then passed to the next term beginning on September 14 and set for trial on that date. On September 14, the case was reset for trial on October 5. Defendant was represented by counsel apparently of his own choosing. On October 7, the Prosecuting Attorney filed an Amended Information. This Information was in substantially the same language, if not exactly the same, as the Information filed on July 2, with the exception that two prior convictions were alleged. No objection was made by the defendant or his counsel at that time to the filing of the Amended Information, and the record does not show that any request was made for additional time to prepare for trial. The parties answered ready for trial, the jury was impaneled, the evidence was adduced, and the

trial was concluded on the following day, October 8, with the rendering of the verdict. The Motion for New Trial referred to the Amended Information and contended that it was error to permit its filing on the ground that it permitted the habitual criminal charge in conjunction with the robbery, that it increased the penalty and changed the proceeding in the presentation of the said cause, that the defendant was denied the right of a preliminary hearing on said new charges and that he was not granted time to meet the same. The Motion also attacked the constitutionality of the Amended Habitual Criminal Act, § 556.-280, Revised Statutes, Amended, referred to above. These points were ruled against defendant in the original appeal, and defendant has conceded the correctness of the ruling then. Reliance is now made solely upon the contention that defendant was denied his substantive, fundamental constitutional rights under the 14th Amendment to the Constitution of the United States by the failure of the State to give appellant "timely and sufficient notice" of the Habitual Criminal Act charge.

In dealing with the filing of the Amended Information on the previous appeal, the Court noted that no objection was made to the filing of the Amended Information, there was no request for a preliminary hearing or for additional time to prepare for trial and that "by failing to object and proceeding to trial defendant waived the right to complain of the matters mentioned in said assignment." In State v. Casteel, Mo., 64 S.W.2d 286, reference was also made there to previous cases in which it had been held that it was not error for the Court to deny a request for a preliminary hearing based upon the fact that an Amended Information had been filed, which, in addition to the originally charged crime, alleged a former conviction under the Habitual Criminal Act. State v. Long, 324 Mo. 205, 22 S.W.2d 809.

Defendant also recites as supporting this position In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 683. This case is not at all similar to the one at bar. There the defendant was summarily sentenced for contempt by a judge sitting as a one-man grand jury, the hearing was in secret, and defendant was committed because the judge found that his testimony was inconsistent with the testimony given by other witnesses. Defendant had not been present at the giving of testimony by other witnesses; he had had no notice at any time that a charge would be filed or made against him, and he had had no opportunity to hear the testimony of other witnesses or to cross-examine them in any way. The Court held that it was a violation of his right to due process under the 14th Amendment because of the secrecy of the proceedings, the denial of a public trial and further, that he had been summarily committed without any opportunity to be heard in his own defense, to present evidence, or to be confronted by and cross-examine the witnesses who had given contrary testimony. The Court held that the accused had a right to his day in court consisting of reasonable notice of the charge against him and an opportunity to be heard in his defense, including the right to examine witnesses, to offer testimony and to be represented by counsel. It did not treat with an amendment under the Habitual Criminal Act, did not define reasonable notice, or consider questions of waiver. In the present case, defendant had been arraigned on July 16 and acquainted with the charge against him two months before trial; he had a public trial with the right to give testimony and the right to cross-examine and be confronted by witnesses against him.

It has been held that the amendment of an information to incorporate allegations invoking the application of the Habitual Criminal Act does not constitute a separate or different offense and that defendant, in answering ready for trial without making objection and without asking for additional time, cannot be held to be prejudiced. State v. Crow, Mo., 388 S.W.2d 817, cert. denied 383 U.S. 914, 86 S.Ct. 901, 15 L.Ed.2d 668.

In that case five days' notice had been given to defendant's counsel of the intent to amend the Information. Defendant stated when the case was called that he should have more time to prepare a defense but his counsel answered ready for trial; the court on appeal held that the amendment invoking the application of the Habitual Criminal Act did not constitute a separate or different offense, and that in view of the circumstances there could be no prejudice.

In State v. Kelly, Mo., 365 S.W.2d 602, error was alleged "in permitting the information to be amended on the morning of trial without granting a continuance." The only amendment made was the inclusion of the prior convictions, sentence and confinement under the Habitual Criminal Act. In disposing of this matter, the Court stated "There is no merit in this point for several reasons: (1) defendant was represented by counsel and no request was made for a continuance; (2) in view of defendant's admission of this and eight other convictions it would be unreasonable to suppose that a continuance would have afforded him any defense against the charge as thus made; (3) the trial court would have been fully justified in refusing a continuance, had one been requested, since the substantive offense was not changed, and no substantial rights of defendant are shown to have been prejudiced." In support of this ruling, the Court cites State v. Ninemires, Mo., 306 S.W.2d 527; S.Ct.Rule 24.02; State v. Hutchin, Mo., 353 S.W.2d 701; State v. Withers, Mo., 347 S.W.2d 146.

In the present case, the defendant admitted the prior felony convictions as alleged in the Information, and the reasoning in the cited cases is applicable here. The prior felony convictions were not brought to the attention of the jury by the State in its case, but the defendant voluntarily testified and admitted them in his testimony. No substantial rights of defendant were violated, and it is not shown that the defendant was in any way prejudiced by this amendment. In State v. Stumph, Mo., 349

S.W.2d 954, it was said that the amendment charging a prior conviction of a felony did not constitute a charge of an additional or different offense. To the same effect is State v. Ninemires, supra, and State v. Long, 324 Mo. 205, 22 S.W.2d 809. No authority is cited by defendant to support his contention that the mere filing of an Amended Information on the day of trial violates his constitutional rights and deprives him of due process. The cases above referred to would indicate to the contrary, and the reasoning there followed could lead to no other conclusion. No error is found and no constitutional right is found to have been violated.

The judgment of conviction is affirmed.

EAGER, P. J., and ARONSON, Special Judge, concur.